Ex parte MARSHALL (seven cases).

(District Court, N. D. California, First Division. March 10, 1914.)

Nos. 15,500, 15,502, 15,503, 15,524, 15,528–15,530.

1. ALIENS (§ 54*)—ADMISSION TO PHILIPPINES—APPLICATION TO ENTER UNITED STATES.

Supervision over the admission of aliens to the Philippines being under the control of the Secretary of War, while the admission of aliens to the mainland is intrusted to the Commissioner General of Immigration, the action of the authorities at the Port of Manila in admitting certain aliens to the Philippines was not conclusive as to their right to enter the mainland.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. ALIENS (§ 46*)—IMMIGRATION FROM PHILIPPINES—RIGHT TO ENTER.

Where aliens immigrated to the Philippines and thence to the United States, their right to enter the mainland must be determined as though they had applied to enter the United States in the first instance.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 105; Dec. Dig. § 46.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. ALIENS (§ 54*)—IMMIGRATION—EXCLUSION—MODE.

Where immigration authorities had power to exclude certain aliens applying to enter the United States, it was immaterial that such exclusion was done under warrant of arrest.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Applications by Henry F. Marshall for writs of habeas corpus on behalf of Radha Singh and others to procure their release from custody under a deportation warrant. Petition denied.

Henry F. Marshall, of San Francisco, Cal., for petitioners.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. These cases involve the right of the individuals named to land at the Port of San Francisco, having already landed at Manila, and coming thence here.

[1] In the Case of Rhagat Singh et al., 209 Fed. 700, this court decided that the immigration officers on the mainland might exclude therefrom aliens theretofore admitted to the Philippine Islands, upon proof satisfactory to them that the aliens so excluded are persons likely to become a public charge. Counsel for the present petitioners urges very earnestly and very ably that this is not a case of exclusion but of expulsion. Whatever it be called, the real question still remains: "Does admission to the Philippines ipso facto entitle an alien to admission to the mainland?" It was stated in the Case of Rhagat Singh, supra:

"There may be reasons for rejecting an alien at continental ports which would not exist if he were applying to enter the Philippines. Labor and climatic conditions and standards of living are so diverse that one going to the Philippines, who would not there be likely to become a public charge, might well be likely to become such if he proceeded thence to the mainland. A more rigid test may, therefore, well be applied to those seeking admission to the mainland than that applied to those seeking admission to the Philippines."

[2, 3] The supervision over the admission of aliens to the mainland has been intrusted to the Commissioner General of Immigration, while the supervision of the admission of aliens to the Philippines is under the control of the Secretary of War. It is not a fair statement of the situation to say that the proceedings of the Immigration Department here sought to be reviewed is an attempt on the part of the immigration officers to review the action of the Secretary of War in admitting these aliens at the Port of Manila. Had the aliens been content to remain in the Philippines, to which place alone the Secretary of War had power to admit them, no question of their right to do so could have been moved by the immigration authorities. But when they left the Philippines for the mainland they left the only place to which they had been admitted, and the only place to which those admitting them had any authority to admit them, and when they reached the mainland they were naturally confronted by those whose duty it is to see that no alien shall be admitted thereto

who is likely to become a public charge. I am satisfied therefore that the action of the authorities at Manila is not conclusive upon the immigration officers on the mainland, and while the law is, in its present form, very uncertain and unsatisfactory, I am of the opinion that, whether we call it exclusion or expulsion, the immigration officers may prevent the entry to the mainland of aliens who have heretofore been permitted to land at Manila for any reason which would lawfully operate to prevent their landing here, in the first instance, if they had never gone near the Philippines. If they so have the power to exclude, as the aliens appear to have had a fair hearing, the fact that this was done under a warrant of arrest is immaterial.

The petition for a writ of habeas corpus must be denied; and it is so ordered.