SHAFFER v. FEDERAL CEMENT CO.

(District Court, E. D. Pennsylvania. September 2, 1915.)

No. 3638.

1. DEBT, ACTION OF ⬤◆15—NATURE AND SCOPE OF REMEDY.

In an action of debt, the issues are, does defendant owe the claimed debt? and does he owe it to plaintiff? and a merger of the issues results in the question, what, if anything, does defendant owe to plaintiff?

[Ed. Note.—For other cases, see Debt, Action of, Cent. Dig. §§ 30, 37; Dec. Dig. ⬤◆15.]

2. ACTION ⬤◆13—LEGAL OR EQUITABLE—DEFENSES.

Notwithstanding the practice prevailing in Pennsylvania of administering equity through legal forms permits equitable defenses in actions of

assumpsit, no action at law can be maintained unless the right of action is in plaintiff.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 76–83; Dec. Dig. ☞13.]

3. ACTION ☞24—DEFENSES—LEGAL OR EQUITABLE.

Where a claim of debt arises out of the promise sued on, so as to give a right of action to plaintiff, the fact that the claim has been assigned to a third person is no legal defense; but out of such a claim of ownership an equitable defense may arise, and under the Pennsylvania practice defendant may call on claimant to come in and defend or invoke the equitable powers of the court through form of motion or rule to have the case marked to the use of the real owner of the claim, or, if within the terms of the statutes, to have the parties interplead, or file a bill in equity for the purpose, or pay the claim into court, so that an issue may be framed and determined to whom it belongs, or permit the cause to proceed and ask for relief.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 153–155; Dec. Dig ☞24.]

4. ASSIGNMENTS ☞131—ACTION—DEFENSES.

Where suit is brought in the name of the legal plaintiff, the averment by defendant of his ignorance of the true ownership of the claim, or his averment of its assignment, unless such as to carry with it the right of action, is no defense.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. ☞131.]

5. ASSIGNMENTS ☞121—ACTION BY ASSIGNEE—DEFENSES.

An action by, and in the name of, the assignee of the claim sued on, who is not the proper legal plaintiff, cannot be maintained, though the fact of assignment is admitted, and the absence of the right of action in the assignee is a good defense.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 200–205; Dec. Dig. ☞121.]

6. CORPORATIONS ☞473—ISSUE OF BONDS—"REGISTERED HOLDER"—"REGISTERED OWNER."

An obligor in bonds in the form of an acknowledgment of an indebtedness to the registered holder, with a further promise to pay the interest to such holder, and the added provision that the bond is transferable on the books of the obligor at its office, and the registered owner only shall be entitled to receive the principal and interest, ·is not called on to pay interest, except to one in whose name the bond is registered, and who can also otherwise prove himself to be the owner, and the obligor may not refuse to permit a transfer of the registered ownership, and then refuse to pay the interest to the registered holder, in whose name the bonds stand, because of his attempted transfer; "registered holder" and "registered owner" meaning that the person in whose name the bond is registered is the owner, so far as propriety of payment by the obligor, and so far as the right of action to enforce payment, is concerned.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1842–1853, 1855; Dec. Dig. ☞473.

For other definitions, see Words and Phrases, Second Series, Registered Holder.]

7. BANKRUPTCY ☞150—"TITLE" OF BANKRUPT AND TRUSTEE.

Where a registered holder of bonds was adjudged a bankrupt, but the bonds were not included in the schedule of assets, and the trustee disclaimed all title thereto, the registered holder could enforce payment thereof, though the legal effect of an adjudication in bankruptcy is by operation of law to transfer to the trustee the right of ownership and title of the bankrupt to all his property; but the word "title" may be

used as expressive of the thought of having the naked legal title without the beneficial ownership, or of the thought of having both.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 228; Dec. Dig. ☞150.

For other definitions, see Words and Phrases, First and Second Series, Title.]

3. PLEADING ☞281—SUPPLEMENTAL AFFIDAVIT OF DEFENSE. ·

Though a registered holder of bonds is entitled to enforce payment thereof, the obligor, filing affidavit of defense not presenting a valid defense, will be granted leave to file a supplemental affidavit of defense, setting up any new matter arising out of any steps he may take for his protection in the payment of the claim of the holder, provided the affidavit is filed within a specified time.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 844; Dec. Dig. ☞281.]

At Law. Assumpsit by William B. Shaffer against the Federal Cement Company. On rule for judgment for want of sufficient affidavit of defense. Judgment for plaintiff.

Smith, Paff & Laub, of Easton, Pa., for plaintiff.
Wm. Jay Turner, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. · [1] This is in substance an action of debt. In any such actions, one or both of two questions may arise, which in a sense are merged into one. The two questions are: The one, does the defendant owe the claimed debt? The other, does he owe it to the plaintiff? The merger results in the query: What, if anything, does he owe the plaintiff? In all legal actions these questions are distinct and separate, and differ in kind and character.

[2] The practice which prevails in Pennsylvania of administering equity through legal forms permits equitable defenses to be presented in actions of assumpsit. Legal principles are, however, none the less given their full sway and application. No action at law can be maintained unless the right of action is in the plaintiff. The fact that the fruits of the legal victory, if obtained, belong to another, in no wise affects the question of determining who is the legal plaintiff, or the legal principle that the suit must be brought in the name of the legal plaintiff.

[3] Where a claim of debt justly arises out of the promise sued upon, so as to give a right of action to the plaintiff, the fact (although it be a conceded fact) that the claim has been assigned to a third person is no legal defense, and that mere fact presents no defense at all. Out of such a claim of ownership by a third party, however, an equitable defense, or the right of defendant to equitable relief, may arise. Under the Pennsylvania practice he may call upon the claimant to come in and defend, or invoke the equitable powers of the court through the form of a motion or rule to have the case marked to the use of the real owner of the claim, or, if within the terms of the statutes, to have the parties interplead, or may file a bill in equity for the purpose, or may pay the amount of the claim into court, so that an issue may be framed to determine to whom it belongs, or he may

permit the cause to proceed, to have determined the existence or amount of the debt, and then ask for relief through any of the appropriate forms above indicated, or through the exercise of the control which every court has over its execution process.

[4] When, however, suit has been brought in the name of the legal plaintiff, the averment by the defendant of his ignorance of the true ownership of the claim, or his averment even of its assignment (unless such as to carry with it the right of action), is no defense.

[5] On the other hand, an action brought by and in the name of the assignee, even if the fact be admitted, who is not the proper legal plaintiff, cannot be maintained, and the absence of a right of action in the plaintiff is a good defense. Let us apply these principles to the facts of this case as set forth in the statement of claim, and as modified by the averments of the affidavit of defense. The first question to be determined is: In whom is the right of action? If it is not in the plaintiff, that is the end of the case. If it is in him, we go to the next question.

[6] The record facts are these: the defendant company issued a series of bonds, and executed a collateral trust agreement to secure their payment. In and by each of the bonds the defendant promised to pay the amount named within a certain time, and the interest semiannually on the 1st days of January and July of each year at a given rate per cent. The claim is for this interest, and the action has been brought to recover it. Neither the fact that the interest claimed is due and payable, nor the amount of it, is in dispute. The bond is in the form of an acknowledgment of indebtedness to the "registered holder," with a further promise to pay the interest to "such holder," and the added provision that the "bond is transferable upon the books" of the defendant "at its office in the city of Philadelphia, and the registered owner only shall be entitled to receive the principal and interest," etc. This part of the defense turns upon the latter quoted clause. The bonds in suit were issued to and registered in the name of the plaintiff. The argument is that, although the promise to pay is made to the registered "holder" he is given the right to assign to a registered "owner," and such owner thereafter is alone entitled to receive the interest. In other words, this latter phraseology means that, after a bond has been assigned, the company is not called upon to pay the interest, except to one in whose name the bond is registered, and who can also otherwise prove himself to be the "owner."

The averment of facts to which this meaning of the contract is applied is that defendant is informed that the plaintiff disclaimed ownership in the bonds, and that different persons at different times had asked to have the bonds, or some of them, registered in their names as assignees of the plaintiff (which registration was refused by defendant), and that defendant expects to be able to prove that plaintiff is not the real owner of the bonds. The inferential denial of indebtedness because of these facts is made. This case is no exception to the general rule that every case worth decision always presents a practical question, as well as sometimes a purely legal one. The practical phase is the absence of any averment that any one other than the

plaintiff has ever demanded the interest on these bonds, or that any one has notified or warned the defendant not to pay the plaintiff, or threatened it with the danger of a double payment in case it did so. The statement of facts accompanying the above averments of the affidavit is wholly consistent with the truth of such a situation as this. The bonds, although registered in the name of the plaintiff, in fact belonged to other members of his family, and the effort was made to have them assigned to the real owners. When registration was refused by defendant, the effort was made to sell or pledge them, and to have the proposed change of ownership noted. The position of defendant (except with respect to the feature next to be discussed) resolves itself into this: That it may first refuse to permit a transfer of the registered ownership, and then refuse to pay the interest to the registered holder, in whose names the bonds stand, because of his attempted transfer.

We can find no such meaning in the quoted language of the contract. The phrase was inserted for the benefit, in that it was for the protection, of the defendant in making payment to the registered owner. It is justified in paying him, because he alone can demand payment. This means that no one else has a right of action against the corporation. There is no difference in legal meaning between "registered holder" and "registered owner." Either expression means that the person in whose name the bond is registered is the owner, so far as the propriety of payment by the corporation and so far as the right of action to enforce payment is concerned. In this aspect of the case the affidavit shows no defense.

[7] This brings us to the other feature of the affidavit, to which reference was above made. There is the positive averment of an adjudication in bankruptcy, with the usual legal consequence that the title to these bonds passed along with the other property of the bankrupt to his trustee. There is, however, the accompanying statement that the bonds were not included in the schedule of assets, and that after inquiry made into the facts the trustee disclaimed all title to the bonds. The facts leave no merit in defendant's position, other than what arises out of the question of whether the legal effect of the adjudication (notwithstanding the disclaimer) was to transfer the title of the registered owner to his trustee in bankruptcy by operation of law. If the title so passed, it follows that the right of action is in the trustee, and not in the plaintiff, and this action cannot be maintained in his name. The converse is equally clear. The distinction is a hornbook one between the ownership of property and the mere holding of title to it, or the power of control over it, or its possession. The distinction is between title to and the property right in a thing. Broadly stated the legal effect of an adjudication in bankruptcy is by operation of law to transfer to his trustee both the right of ownership and the title of the bankrupt to all his property. In the apt language of the act of Congress the trustee is "vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt," with the exception noted. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (Comp. St. 1913, § 9654).

The word "title" has a recognized appropriate use in a double sense. It may be used as expressive of the thought of having the naked legal title, without the beneficial ownership, or of the thought of having both. The distinction is recognized in the act of Congress, and preserved by the provisions which require a conveyance by the trustee to the purchaser of property sold, and which revest title in the bankrupt after composition made, and vesting it in the trustee if the composition be set aside. The difference between a mere holding of title to and the real ownership of property is further recognized in the practice of summary and reclamation proceedings, through which the trustee in the one case asserts and in the other abandons claim to the property which is the subject of the proceedings. When a claim of ownership to property of which the bankrupt is in possession, or to which he holds the naked legal title, is made by a third party, and allowed through appropriate proceedings, the legal result must be that the title is vested in such claimant. Such result may be reached through formal petition, answer, and replication, and the decision of the issue thus raised. It none the less flows from the abandonment by the trustee of all claim to the property. Under the Bankruptcy Law the title which passes to the trustee is the title of the bankrupt to that which belongs to him, not to what belongs to another, and when through any proceedings it is determined that the thing in dispute did not belong to the bankrupt, it is determined that title did not vest in the trustee. The affidavit of defense in the present case admits that such proceedings were had, and thus admits the legal consequence that title did not pass to the trustee. The further legal consequence is that plaintiff is entitled to judgment.

[8] In making absolute the rule for judgment, we wish to protect the defendant as a stakeholder from all danger of double payment. Leave is therefore granted defendant to file a further supplemental affidavit of defense, setting up any new matter which may arise out of any steps defendant may take for its protection in the payment of plaintiff's claim. If such affidavit be filed within five days, the rule may be set down for reargument on the affidavit. If the affidavit be not so filed, the present rule is made absolute. The ruling is based on these propositions. The promise of defendant is to pay the interest to the person in whose name the bond is registered. Such person has a right of action to enforce the promise, and is properly made the legal plaintiff in a suit at law. For the protection of defendant the contract provides that legal demand for payment can be made by no one else. The legal right of action is therefore in such person only, and any suit at law must be in his name. The defendant clearly has no right of concern in the beneficial ownership of the bond beyond being protected against the assertion of the equitable rights of unregistered owners. This right of protection affords no justification for defendant's refusal to keep its promises. There are other recognized methods of securing the relief for which such protection calls. The statement of claim includes a demand for interest on the several sums which make up plaintiff's total claim. This question of the right to recover interest has not been passed upon, because not discussed at the argument.

In entering the judgment above allowed, the plaintiff may enter judgment for the amount of his claim, without interest, or may move for judgment for the amount of his claim, with interest, and the question will then be decided.