# MEMORANDUM DECISIONS

FEDERAL CEMENT CO. v. SHAFFER. (Circuit Court of Appeals, Third Circuit. February 17, 1916.) No. 2058. In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge. Horace Stern and William Jay Turner, both of Philadelphia, Pa., for plaintiff in error. Calvin F. Smith and Smith, Paff & Laub, all of Easton, Pa., for defendant in error. Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. The defendant in this case, the Federal Cement Company, having filed a bill in equity in the District Court to No. 1467, September term, 1915, in which this controversy can be more satisfactorily heard and determined, and having offered to pay into the District Court the money involved in this suit, it seems to us that the best way to meet the difficulties presented on this writ of error is to assent to the company's offer, and to reverse the judgment formally, but without expressing an opinion on the legal questions discussed below. 225 Fed. 893. It is therefore ordered that if the Cement Company, on or before the 4th day of March, 1916, pay into the District Court in the equity proceeding referred to above the amount of coupon interest sued for in this action, with interest thereon, the clerk of this court is directed to enter an order reversing the judgment.

---

MARSHALL v. BACKUS, Immigration Com'r. (Circuit Court of Appeals, Ninth Circuit. February 7, 1916.) No. 2486. Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge. Henry F. Marshall, and Albert Michelson, both of San Francisco, Cal., for appellant. John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for appellee. Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

PER CURIAM. On the authority of Healy v. Backus, 221 Fed. 358, 137 C. C. A. 166, and Choy Gum v. Backus, 223 Fed. 487, 139 C. C. A. 35, the judgment (213 Fed. 123) is affirmed.