PRITCHARD, Appellant, vs. BARNES, Intervener, Respondent.

*October 12 — November 1, 1898.*

*National banks: Voluntary liquidation, effect of.*

A national bank, which went into voluntary liquidation and provided for the payment of its liabilities by a transfer of all its assets to another bank which assumed them, and thereafter neither owned property, transacted business, nor maintained any organization, did not thereby become dissolved as a corporation, but still continued capable of suing and being sued. *Combes v. Keyes,* 89 Wis. 297, distinguished.

APPEAL from an order of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Timlin & Glicksman,* and oral argument by *W. H. Timlin.*

For the respondent the cause was submitted on the brief of *Nash & Nash*. To the point that the defendant bank had lost its corporate existence, they cited *Richards v. Attleborough Nat. Bank*, 148 Mass. 187; *Bank of Bethel v. Pahquioque Bank*, 14 Wall. 383; *National Bank v. Insurance Co.* 104 U. S. 55; *Rosenblatt v. Johnston*, id. 462; *Schrader v. Manufacturers' Nat. Bank*, 133 id. 67; *Chemical Nat. Bank v. Hartford Deposit Co.* 161 id. 1.

CASSODAY, C. J. It appears from the record that the defendant First National Bank of Manitowoc was duly organized as a banking corporation in 1865, under the national banking act, and continued doing a general banking business at Manitowoc for twenty years next thereafter; that thereupon, as provided by law, it procured an extension of its corporate existence for twenty years, or until 1907, unless sooner terminated as provided by law; that it continued its general banking business at that place until January 2, 1892; that the date of the last election of its directors occurred January 13, 1891; that the last election of officers occurred on the same day, at which time five persons named were elected directors, and one of them was thereupon elected president, another vice president, another cashier, and another assistant cashier of the defendant; that since such elections the defendant had held no election whatsoever of directors or officers; that at the time of such election the plaintiff and such directors were stockholders of the defendant; that December 26, 1891, there was a meeting of the stockholders, at which the plaintiff and such directors attended, all participating in the proceedings had; that, among other things, such stockholders adopted resolutions to the effect that, in the opinion of the stockholders, it was deemed best to place the bank in voluntary liquidation, that the bank should cease to do a general banking business and go into voluntary liquidation as soon as practicable, that the board

of directors be instructed to cause a notice of the fact to be certified to the comptroller of the currency, and also cause publication thereof to be made for two months in a newspaper in the city of New York, and also in the city of Manitowoc, according to law, that the association was closing up its affairs, and notifying the holders of its notes and other creditors to present their claims against the bank for payment, and that other steps be taken toward winding up its affairs; that the minutes of the stockholders' meeting were read and passed by the stockholders; that notices were published accordingly that the bank had gone into voluntary liquidation, and requesting all holders of notes of the bank and other creditors to present their claims for payment; that the stockholders who adopted such resolutions owned more than two thirds of the stock; that the officers of the bank proceeded to carry the bank into liquidation, and close up its affairs; that the bank then provided for the payment of all its liabilities in the manner stated; that persons owning all of the stock except twenty shares thereof, including the plaintiff, procured the incorporation of another banking association, named the "State Bank of Manitowoc," January 2, 1892, which took all the assets and assumed all the liabilities of the defendant, and the defendant thereupon transferred and turned over all its assets to the said State Bank in consideration of the assumption by the latter of the former's liabilities; that since January 2, 1892, the comptroller of currency had neither exercised, nor caused to be exercised, any supervision over the defendant or its affairs, had required no report to be made to him or to be filed in his office showing the condition of the defendant, as provided by sec. 5211, R. S. of U. S., nor had he caused the defendant, since that time, to be examined as required by sec. 5240, R. S. of U. S., nor required directors or other officers to file their oaths of office; but during that time the comptroller had annually issued a volume containing a report of the condition of each

Pritchard vs. Barnes.

national bank in the United States which was at the time of
such publication a going concern, but which omitted all men-
tion of the defendant; that during each of such years the
comptroller had issued a volume called his Annual Report, in
which he reported the defendant as having gone into liqui-
dation December 26, 1891; that since January 2, 1892, the
defendant has owned no property whatsoever, has trans-
acted no business of any kind, has maintained no organiza-
tion, has held no meeting of stockholders or directors; that
May 9, 1898, this action was commenced by the service of a
summons upon *John W. Barnes*, who was elected a director
and vice president of the defendant, January 13, 1891; that
thereupon said *John W. Barnes* intervened for the purpose
of moving the court, upon the facts stated, to set aside the
service of the summons herein and hold such service to be
null and void, with costs of the motion. Whereupon, and
after hearing the respective parties, the court ordered that
the motion of the intervener, *Barnes*, be, and it was thereby,
granted; that the service of the summons be, and was thereby,
set aside and held and declared to be null and void. From
that order plaintiff brings this appeal.

The only question presented is whether the defendant bank
was dissolved by going into liquidation as stated. The fed-
eral question thus presented must be determined by the fed-
eral adjudications applicable. The supreme court of the
United States has expressly held that "a national bank in vol-
untary liquidation, under sec. 5220 of the Revised Statutes is
not thereby dissolved as a corporation, but may sue and be
sued by name for the purpose of winding up its business.
*National Bank v. Insurance Co.* 104 U. S. 55. Referring to
secs. 5136, 5220–5224, R. S. of U. S., Mr. Justice MATTHEWS,
speaking for the whole court in that case, said: "It is to be
observed that the sections under which the proceedings took
place, which, it is claimed, put an end to the corporate ex-
istence of the bank, do not refer, in terms, to a dissolution

Pritchard vs. Barnes.

of the corporation, and there is nothing in the language which suggests it, in the technical sense in which it is used here as a defense. . . . The very purpose of the liquidation provided for is to pay the debts of the corporation, that the remainder of the assets, being reduced to money, may be distributed among the stockholders. That distribution cannot take place, with any show of justice, and according to the intent of the law, until all liabilities to creditors have been honestly met and paid. If there are claims made which the directors of the association are not willing to acknowledge as just debts, there is nothing in the statute which is inconsistent with the right of the claimant to obtain a judicial determination of the controversy by process against the association, nor with that of the association to collect by suit debts due to it. It is clearly, we think, the intention of the law that it should continue to exist as a person in law, capable of suing and being sued, until its affairs and business are completely settled." 104 U. S. 73, 74. That language is quoted approvingly in a recent case by Chief Justice FULLER, speaking for the whole court. *Chemical Nat. Bank v. Hartford Deposit Co.* 161 U. S. 8, 9. In *Combes v. Keyes,* 89 Wis. 297, there had been a complete failure to exercise the franchises of the corporation for twenty-six years, and the acts of the legislature had impliedly accepted the surrender of the same; and so it was held that the corporation was dissolved and ceased to exist, but there was nothing said in the opinion in that case not in harmony with the decisions of the federal court mentioned. This is apparent from the subsequent cases in this court. *Att'y Gen. v. S. & St. C. R. Co.* 93 Wis. 604; *Wright v. Milwaukee Electric R. & L. Co.* 95 Wis. 29, 38. We must hold that the corporation was not dissolved by going into liquidation.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.