(174 App. Div. 254)

PLANTEN v. NATIONAL NASSAU BANK OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.  July 10, 1916.)

1. BANKS AND BANKING ⬤⟲254—STOCKHOLDERS—SUING ON BEHALF OF BANK
  —PLEADING.
    In a national bank stockholder's action for the benefit of the corporation, it being neither shown by the complaint nor alleged in the defense that a resolution for a voluntary liquidation was adopted prior to the commencement of the action, a defense that there must be a demand upon the liquidating committee and their refusal to bring the action, before plaintiff as a stockholder can bring it, was insufficient.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957;  Dec. Dig. ⬤⟲254.]

2. BANKS AND BANKING ⬤⟲281—NATIONAL BANKS—DISSOLUTION—LIQUI-
  DATING COMMITTEE.
    Under Rev. St. U. S. § 5220 (U. S. Comp. St. 1913, § 9806), providing that any association may go into liquidation by a two-thirds vote of its shareholders, and section 5221 (section 9808), providing that, when a vote is taken to go into liquidation, it shall be the duty of the board of directors to cause the Comptroller of the Currency to be notified under

the seal of the association by its president or cashier, and providing for newspaper publication, there being no express provision for the appointment of a liquidating committee on voluntary dissolution, the adoption of a resolution for voluntary liquidation does not effect a dissolution of the corporation, or, in the absence of other action by the stockholders, oust the directors from office, but merely suspends the ordinary functions of the corporation.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1075–1079; Dec. Dig. ☞281.]

3. CORPORATIONS ☞320(4)—STOCKHOLDER'S SUITS IN BEHALF OF CORPORATION—PARTIES.

While the authority of a stockholder to sue in the right of the corporation is a rule of necessity, resting solely on judicial decisions, to protect the stockholders when those in authority fail or refuse to protect the rights of the corporation, when a proper foundation is laid for the action by a stockholder, although the cause of action belongs to the corporation, the fruits of the litigation inure to its benefit, and it must be made a party defendant, the control of the litigation becomes vested in the shareholder who brings it and such others as may join therein.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1429, 1431; Dec. Dig. ☞320(4).]

4. CORPORATIONS ☞320(5)—STOCKHOLDERS—SUITS IN BEHALF OF CORPORATION—CONDITIONS PRECEDENT.

In order that a stockholder may not be permitted unnecessarily to maintain an action for the benefit of the corporation, he is required to show, as a condition precedent to his right to sue, a demand and refusal by those authorized to represent the corporation, and whose duty it is to bring the action, or facts indicating that a demand upon them would be futile, or that they would not be likely to prosecute the action in good faith.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1429½; Dec. Dig. ☞320(5).]

5. CORPORATIONS ☞320(5)—STOCKHOLDERS—SUIT IN BEHALF OF CORPORATION—CONDITIONS PRECEDENT—TRUSTEES AND RECEIVERS.

Where the affairs of a corporation are in the hands of a receiver, or trustee, or other person who has superseded the board of directors, and is clothed with authority to sue, a stockholder must make demand upon him before bringing action for the benefit of the corporation, regardless of whether or not the directors are hostile, for in such case their attitude is immaterial.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1429½; Dec. Dig. ☞320(5).]

6. BANKS AND BANKING ☞281—NATIONAL BANKS—STOCKHOLDERS—MEETINGS—NOTICE.

A stockholder of a national bank is charged with notice of the adoption of a resolution to appoint a liquidating committee, adopted at a meeting of the shareholders duly convened, whether he appeared or not.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1075–1079; Dec. Dig. ☞281.]

7. BANKS AND BANKING ☞281—NATIONAL BANKS—LIQUIDATING COMMITTEE—POWERS.

A liquidating committee, appointed to take charge of assets and property of a national bank, could not maintain an action for the benefit of the bank in their own names, but must bring it in the name of the bank.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1075–1079; Dec. Dig. ☞281.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. BANKS AND BANKING ⊜⟹281—NATIONAL BANKS—LIQUIDATION—POWERS OF DIRECTORS.

Under Code Civ. Proc. § 525, subd. 1, providing that the authority to bring or defend an action is vested in the board of directors, and where a complaint or answer is verified it must be verified by an officer of the corporation, section 3343, subd. 18, providing that a national bank located in New York is regarded as a domestic corporation, section 43, subd. 3, providing that service upon the members of the liquidating committee of a national bank is insufficient, in the absence of federal statutory authority or any decision of the federal courts holding that the authority of the board of directors of a national bank is suspended pending a liquidation, where a liquidating committee has been appointed, but the bank is not dissolved, the authority of the liquidating committee is subject to the supervision and control of the board of directors, and a stockholder is not required to show a demand upon and refusal by the liquidating committee before bringing action for the benefit of the bank.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1075–1079; Dec. Dig. ⊜⟹281.]

9. BANKS AND BANKING ⊜⟹254—NATIONAL BANKS—STOCKHOLDERS—ACTIONS FOR BENEFIT OF BANK—CONDITIONS PRECEDENT.

In a national bank stockholder's action on behalf of the bank, the plaintiff was not required to show a demand upon and refusal by a liquidating committee, appointed to liquidate the affairs of the bank, before bringing the action.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. ⊜⟹254.]

10. BANKS AND BANKING ⊜⟹254—NATIONAL BANKS—STOCKHOLDER'S SUITS IN BEHALF OF BANK—DEMAND ON STOCKHOLDER.

Although the cause of action is the same, and recovery must be the same, whether action be brought in the name or in the right of a corporation, in whatever jurisdiction the remedy is sought to be enforced, the remedy must be prescribed by the law of the forum in which the action is brought, and under the well-established law of the state of New York, that the business of a corporation must be conducted by its board of directors, and that the stockholders cannot control their action, a stockholder in a national bank may bring an action for the benefit of the bank without making demand upon the stockholders.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 950–957; Dec. Dig. ⊜⟹254.]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by W. Rutger J. Planten, suing for himself as stockholder and for all other stockholders of the National Nassau Bank of New York similarly situated, against the National Nassau Bank of New York and others. From an order (93 Misc. Rep. 344, 157 N. Y. Supp. 31) sustaining a demurrer to the first separate and affirmative defense, separately pleaded by each, certain defendants appeal. Order affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Selden Bacon, of New York City, for appellants.

William D. Gaillard, of New York City (W. J. Gibson and MacDonald De Witt, both of New York City, on the brief), for respondent.

LAUGHLIN, J. ·This is an action by a stockholder of the National Nassau Bank of New York *in the right of the corporation* for an accounting by directors for losses resulting from their mismanagement, wrongful acts, and negligence. The facts which ordinarily entitle a stockholder to bring such an action without first demanding that it be brought by the corporation, are sufficiently shown by allegations from which the inference flows that such demand would have been futile.

The learned counsel for the appellants contends, however, that the facts·pleaded in the defense to which the demurrer relates require that a demand be also made upon a committee appointed by the stockholders to liquidate the affairs of the bank, and a refusal by said committee to bring the action, before the plaintiff as a stockholder can maintain it. The facts pleaded by each appellant in the defense to which the demurrer was interposed are the same. They are that on the 16th day of June, 1914, the bank, pursuant to the provisions of section 5220 of the Revised Statutes of the United States (U. S. Comp. St. 1913, § 9806), went into voluntary dissolution and was closed, and that the authority of the board of directors was superseded, and their powers and duties with respect to the assets and to bringing actions were transferred to a liquidating committee, by the adoption, at a meeting of the shareholders duly convened, of a resolution by more than two-thirds of the shareholders, as follows:

"Resolved, that the National Nassau Bank of New York be placed in voluntary liquidation under the provisions of sections 5220 and 5221 of the United States Revised Statutes, to take effect June 18, 1914.

"Resolved, that a committee of seven (7), consisting of the individuals below named, be appointed by the stockholders of the National Nassau Bank a committee to liquidate the affairs of the bank, it being distinctly understood and agreed on the part of said committee that no one of said committee shall make any charge for his services for acting upon said committee, with power to add to their number and to fill vacancies.

"Dick S. Ramsay.
"J. F. Hitchcock.
"Charles Schweinler.
"William J. Klauberg.
"Laurence H. Hendricks.
"Arthur C. Harris.
"Theodore S. Haight."

[1] The demurrer admits the appointment of the committee at the time, in the manner, by the vote, and for the purposes stated, but of course does not admit the conclusion that thereupon the authority of the board of directors was superseded and the entire functions of the board transferred to the committee. Manifestly, if this action was commenced before the adoption of the resolution for a voluntary liquidation and appointing the committee, the right to bring or continue it could not be affected thereby. It is neither shown by the complaint, nor alleged in the defense to which the demurrer relates, that the resolution was adopted prior to the commencement of the action, and therefore the defense is insufficient in any event. It appears, however, to have been assumed at Special Term that the committee was appointed before the action was commenced, and inasmuch as

the appeal has been argued on that theory, we deem it proper, with a view to saving further litigation, to express an opinion with respect to the merits of the defense thus attempted to be pleaded.

The provisions of the Revised Statutes of the United States material to the decision of the question presented are contained in sections 5220 and 5221 (U. S. Comp. St. 1913, §§ 9806, 9808). Section 5220 provides as follows:

"Any association may go into liquidation and be closed by the vote of its shareholders owning two-thirds of its stock."

Section 5221 provides as follows:

"Whenever a vote is taken to go into liquidation it shall be the duty of the board of directors to cause notice of this fact to be certified, under the seal of the association, by its president or cashier, to the Comptroller of the Currency, and publication thereof to be made for a period of two months in a newspaper published in the city of New York, and also in a newspaper published in the city or town in which the association is located, or if no newspaper is there published, then in the newspaper published nearest thereto, that the association is closing up its affairs, and notifying the holders of its notes and other creditors to present the notes and other claims against the association for payment."

[2] It is conceded and has been authoritatively decided that the adoption of a resolution for voluntary liquidation does not effect a dissolution of the corporation, but merely suspends its ordinary functions, and that it continues in existence for the purpose of liquidating its affairs, and that its directors are not ousted from office, and that, at least in the absence of other action by the stockholders, the duty to liquidate the business devolves upon them. National Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693; Ordway v. Central National Bank, 47 Md. 217, 28 Am. Rep. 455; Richards v. Attleborough Nat. Bank, 148 Mass. 187, 19 N. E. 353, 1 L. R. A. 781; Pritchard v. Barnes, 101 Wis. 86, 76 N. W. 1106; Schrader v. Manufacturers' Bank, 133 U. S. 67, 10 Sup. Ct. 238, 33 L. Ed. 564. See, also, Chemical National Bank v. Hartford Deposit Co., 161 U. S. 1, 16 Sup. Ct. 439, 40 L. Ed. 595, and Pratt's Digest National Bank Laws (Ed. 1914) p. 133. It is to be borne in mind that these statutory provisions relate to the dissolution of a solvent bank. There are other provisions for the appointment by the Comptroller of the Currency of a receiver and for closing a bank which has failed to redeem any of its circulating notes. See sections 5227–5237, inclusive, Revised Statutes of the United States (U. S. Comp. St. 1913, §§ 9814–9824). In the case of voluntary liquidation, it is provided that the bank shall deposit with the Treasurer of the United States within six months sufficient money to redeem all its outstanding circulation (R. S. U. S. § 5222), unless the liquidation is for the purpose of consolidation (section 5223), and that on the deposit of sufficient money to redeem its outstanding circulation the bonds deposited to secure the payment of the notes of the bank shall be reassigned to it (section 5224). There is no express provision of the United States Revised Statutes for the appointment of a liquidating committee on the voluntary dissolution of a bank, and it will be observed from the statutory provisions quoted that the con-

tinuance of the board of directors is recognized, for certain duties are enjoined upon them.

It is said that for a period of about 40 years the shareholders, on determining to close national banks under these statutory provisions, have in many instances appointed committees to liquidate their affairs, and that this course was adopted from the practice prescribed by an act of Congress of June 30, 1876 (19 Stat. 63, c. 156), which provided that, where a *receiver* of a national bank was appointed by the Comptroller of the Currency and the claims of creditors had been paid in full, a meeting of the shareholders should be called by the Comptroller of the Currency to determine whether the receiver should be continued to wind up the affairs of the bank, "or whether an agent shall be elected for that purpose," in which event it was provided that the agent should receive from the receiver, and hold, control, and dispose of, the assets and property for the benefit of the shareholders. See Jewett v. United States, 100 Fed. 832, 41 C. C. A. 88, 53 L. R. A. 568. If the board of directors and officers have such authority when the resolution for voluntary dissolution is silent on the subject, as has been held, it is manifest that it must be upon the theory that their agency continues.

[3] The authority of a stockholder to sue in the right of the corporation is not statutory. It rests solely on judicial decisions made for the protection of stockholders, where those who are clothed with authority to bring an action to enforce the rights of the corporation fail or refuse so to do. It may therefore be said to be a rule of necessity. When, however, a proper foundation is laid for such an action, the control of the litigation becomes vested in the shareholder who brings it and such others as may join therein, although the cause of action belongs to the corporation and the fruits of the litigation inure to its benefit, and consequently the corporation must be made a party defendant. Greaves v. Gouge, 69 N. Y. 154; Brinckerhoff v. Bostwick, 88 N. Y. 52; Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562; Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, 76 N. E. 1075.

[4, 5] In order that a stockholder may not be permitted unnecessarily to maintain an action in the right or for the benefit of the corporation, he is required to show, as a condition precedent to his right to sue, a demand and refusal by those authorized to represent the corporation and whose duty it is to bring the action, or facts indicating that a demand upon them would be futile, or that they would not be likely to prosecute the action in good faith. Brinckerhoff v. Bostwick, supra; Kavanaugh v. Commonwealth Trust Co., supra; Jacobson v. Brooklyn Lumber Co., supra; Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493, 53 N. E. 520; Greaves v. Gouge, supra; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; 3 Cook on Corporations, § 741. This rule requires that where the affairs of a corporation are in the hands of a receiver, or trustee, or other person who has superseded the board of directors, and who is clothed with authority to sue, the demand must be made upon him, regardless of whether or not the directors are hostile, for in such case their attitude is immaterial. Fisher v. Andrews, 37 Hun, 176;

Swope v. Villard (C. C.) 61 Fed. 417; Coble v. Beall, 130 N. C. 533, 41 S. E. 793; Finance Co. v. N. J. S. L. R. Co. (C. C.) 183 Fed. 830; Nelson v. Burrows, 9 Abb. N. C. 280; 4 Thompson's Comm. on Corporations, § 4506.

[6, 7] The learned counsel for the appellants contends that after the adoption of the resolution the liquidating committee *only* was authorized to bring the action, and that in any event it had concurrent jurisdiction with the board of directors, which under the rule stated rendered it incumbent on the plaintiff to allege a demand and refusal with respect to the liquidating committee. As already observed, it does not appear that the resolution was adopted prior to the commencement of the action, and consequently it does not expressly appear that the plaintiff had knowledge thereof; but, assuming that the resolution was adopted prior to the commencement of the action, it is to be assumed, I presume, that the plaintiff is chargeable with notice thereof, for it is alleged that the meeting of the shareholders was duly convened, and, whether he appeared or not, it would be a reasonable inference that he had notice of the meeting and was chargeable with knowledge of what took place. If it were entirely clear that the liquidating committee could, without the permission or approval of the board of directors, maintain the action in this jurisdiction, it might well be argued that the complaint could not be sustained without allegations of a demand upon and refusal by the liquidating committee. It does not necessarily follow, from the appointment of the liquidating committee by the shareholders of a solvent corporation thus going into voluntary liquidation, that it was intended to confer authority upon such committee to maintain an action for the recovery of funds lost or damages sustained through the negligence or wrongful acts or mismanagement of directors.

There is much force in the contention that it was intended that the liquidating committee should take charge of the assets and property of the corporation as they then existed. It is conceded that in no event could an action be maintained by the members of the liquidating committee in their own names, or as a committee, and that the action must be brought in the name of the bank, and it has been so held. Merchants' Nat. Bank of Minneapolis v. Gaslin, 41 Minn, 552, 43 N. W. 483. See, also, Chemical Bank v. Hartford Dep. Co., supra, Pritchard v. Barnes, supra, and Ordway v. Central Nat. Bank, supra.

[8] The argument of the learned counsel for the appellants, therefore, rests on his claim that the liquidating committee superseded the board of directors or has concurrent jurisdiction with them to institute an action in the name of the bank. Of course, if the liquidating committee had a status under the federal statutes, it would be our duty to give it effect; but in the absence of any statutory authority, or any decision of the federal courts holding that the power and authority of the board of directors is suspended pending such a liquidation where a liquidating committee has been thus appointed, I am of opinion that we should hold that the jurisdiction of the liquidating committee, with respect to bringing or defending actions at least, is subject to the supervision and control of the board of directors. Our prac-

tice does not recognize the authority of such agents to maintain or defend an action in the name of the corporation. The authority to bring or defend an action for the corporation is vested in the board of directors, and where the complaint or answer is verified, it must be verified by an officer of the corporation. Code Civil Proc. § 525, subd. 1. A national bank located here is regarded as a domestic corporation (Code Civil Proc. § 3343, subd. 18), and, if an action were brought against it, service upon any or all of the members of the liquidating committee would be insufficient (Code Civil Proc. § 431, subd. 3). It may be said that it would not be necessary to verify the complaint. That is quite true; but the provisions of our Code of Civil Procedure to which attention has been drawn indicate quite clearly who are recognized as having authority to institute an action for a corporation, and I am of opinion that the liquidating committee could maintain an action here only by the approval or acquiescence of the board of directors.

[9] Since the bank has not been dissolved, if it were sued, service might be made on a director or officer, but could not be made on the liquidating committee; and if an answer were then interposed by the board of directors, and the liquidating committee attempted to interpose another answer, I am of opinion that it would be the duty of the court to strike out the answer of the liquidating committee as unauthorized. I am therefore of opinion that the plaintiff was not required to show a demand upon and refusal by the liquidating committee to bring the action.

[10] It is further urged in behalf of the appellants that the plaintiff should have shown a demand on the stockholders. That contention is based on the opinion in Hawes v. Oakland, supra, and there are expressions in the opinion which support it. That rule, however, has never obtained in this jurisdiction, in which this remedy is now sought. Although the cause of action is the same, and the recovery must be the same whether the action is brought in the *name* of the corporation or in the *right* of the corporation, no matter in what jurisdiction the remedy is sought to be enforced, yet the *remedy* must be that prescribed by the law of the forum in which the action is brought. German-American Coffee Co. v. Diehl, 216 N. Y. 57, 109 N. E. 875. For this reason we are not bound by the rule suggested in Hawes v. Oakland, supra, which is contrary to the well-established law of this state that the business of a corporation must be conducted by its board of directors, and that the stockholders cannot control their action. Continental Securities Co. v. Belmont, 150 App. Div. 298, 134 N. Y. Supp. 635, affirmed 206 N. Y. 7, 99 N. E. 138, 51 L. R. A. (N. S.) 112, Ann. Cas. 1914A, 777.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. Order filed.

DOWLING, J., concurs.   CLARKE, P. J., concurs in result.

SCOTT, J. (concurring). I concur in the result arrived at by Mr. Justice LAUGHLIN, and, in the main, agree with the reasons there-

for as given by him. I am not, however, prepared to say that authority of a liquidating committee, in a case like the present, to sue in behalf of the corporation, is "subject to the supervision and control of the board of directors" in such a sense that such an action could be maintained "only with the approval or acquiescence of the board of directors."

The liquidating committee stands as the representative of the stockholders, and presumably in opposition to the directors. Otherwise there would be no point in appointing a committee to do those things which the directors concededly might do. I see no reason why such a committee, as representing all the stockholders, might not, even in opposition to the wishes of the board of directors, bring a representative action for the benefit of the bank and its stockholders. Their right to do this should be at least equal to that of an individual stockholder, but, even so, is not so far exclusive as to require an individual stockholder, like the present plaintiff, to make a demand upon the committee before bringing suit himself.

McLAUGHLIN, J. (dissenting). I am unable to concur in the opinion of Mr. Justice LAUGHLIN. It appears from the complaint that the bank went into voluntary liquidation on the 16th day of June, 1914, and is now, and was at the time of the commencement of this action, in process of liquidation. It does not appear just when the action was commenced, but both at Special Term and on the argument of this appeal counsel for both parties assumed that the action was commenced after the appointment of the committee, and I think that fact is also to be fairly inferred from the allegations of the complaint, which was not verified until nearly one year after the appointment of such committee. Once the stockholders had voted to go into voluntary liquidation, no further business could be done. After that there was no authority on the part of the officers or directors of the bank to transact any business in its name, except that which is implied from the obligation to liquidate its affairs, unless authority were expressly conferred by the stockholders. Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864. No such authority was here given; on the contrary, the same was withheld by the passage of a resolution by the stockholders appointing a committee of seven "to liquidate the affairs of the bank." Thereafter it was the duty of this committee to marshal the assets and discharge the obligations of the bank, and to divide among the stockholders anything remaining, according to their respective holdings. The corporation, of course, as such, was not dissolved, nor were the directors thereby removed or their terms of office terminated; but they were deprived of all power, in so far as the liquidation was concerned, by the appointment of the committee. Its duty was, and it had the sole power, in my opinion, to do and perform every act necessary to the liquidation, which included, as indicated, the marshaling of assets and their proper distribution. In the discharge of that duty the directors had nothing to say. Their consent was not necessary to the commencement of an action, nor had they any voice whatever in its prosecution.

If it be true, as contended in the prevailing opinion, "that the liquidating committee could maintain an action here only by the approval or acquiescence of the board of directors," then the passage of the resolution directing the committee to liquidate the affairs was an idle ceremony. The passage of the resolution indicated that the stockholders desired to take from the directors the power to liquidate and to give such power solely to the committee. What possible object could there be in appointing a committee to liquidate the affairs of the bank, if it could not liquidate without asking the directors' consent? The power to liquidate necessarily includes the right to bring actions in the name of the bank to recover upon claims similar to the one here alleged to exist. The committee, therefore, could have brought this action; but, before the plaintiff could do so, he had to first request that such action be brought by the committee, or show why a request would have been ineffectual. The complaint here does not allege that such request was made by the committee, nor are any facts set forth showing any excuse therefor. For that reason I think it fails to state a cause of action.

I think the order appealed from should be reversed, and the demurrers overruled.