GEORGE M. FLOYD AND G. K. GRANTHAM, TRUSTEE IN BANKRUPTCY, v. J. G. LAYTON AND G. M. FLOYD COMPANY.

(Filed 20 September, 1916.)

**1. Corporations—Bankruptcy—Embezzlement of Officer—Joinder—Parties—Causes of Action.**

Where a stockholder of a corporation has brought action against the president thereof to recover the value of his stock for his alleged embezzlement of the corporate assets, and joins the corporation therein for the purpose of appointing a receiver therefor, and the corporation thereafter has been adjudged a bankrupt under the Federal law, and a receiver appointed, the corporation has become only a nominal party, and it is not a misjoinder either of parties or causes of action, or objectionable, for the court, in its discretion, to permit the receiver to make himself a party plaintiff under the same allegation of embezzlement, to seek to recover the assets alleged to have been embezzled by the president to the extent of the capital stock of the corporation and for the benefit of all of its shareholders.

**2. Bankruptcy—Corporations—Officers—Embezzlement—Duty of Trustee.**

It is the duty of a trustee in bankruptcy to collect all of the assets of the bankrupt corporation, whether due by contract or withheld by embezzlement of one of its officers.

**3. Same—Funds Apportioned.**

Upon a recovery by the trustee of a bankrupt corporation of moneys embezzled by its officer, the bankruptcy court will, by proper decree, apportion the net proceeds among the creditors and stockholders.

**4. Bankruptcy—Corporations—Embezzlement—Judgments—Demurrer.**

The trustee in bankruptcy of a corporation represents the stockholders in an action against its officer to recover funds embezzled by him, and objection by defendant that a judgment in favor of the stockholders would not be released by a discharge in bankruptcy is not a good ground for demurrer.

APPEAL from *Lyon, J.,* at February Term, 1916, of HARNETT.

*Clifford & Townsend for plaintiff.*
*E. F. Young and R. L. Godwin for defendant.*

CLARK, C. J.  This action was begun 13 September, 1913, by the plaintiff Floyd against the defendant Layton, president of the defendant Floyd Company, and said Floyd Company, alleging that said Layton had converted to his own use the entire assets of the company, which is consequently insolvent, asking for a receiver for said company to wind up its affairs and possession of its assets by said receiver, and for judgment against the defendant Layton for $1,000 loss sustained by the plaintiff in the destruction of his share in the capital stock.  The George M. Floyd Company was thereafter adjudged bankrupt and George K. Grantham was appointed trustee in bankruptcy, who has qualified as such, and on his own motion has been made a party plaintiff in this action.  In his complaint he reiterates the allegations of the complaint, already filed by his coplaintiff, that Layton has converted to his own use the assets of the company, and asks judgment for $6,000 to recover the full capital stock of the company.

The defendant Layton demurs to the complaint of Grantham, trustee, on the ground that the court had no authority to permit said trustee to become a party to this action; that this action was begun by George M. Floyd, not as a creditor, but as a stockholder of the defendant company, and that the original plaintiff, George M. Floyd, is not a creditor of the defendant company and is seeking to recover, not against the bankrupt company, but against the defendant Layton individually, and that it is a misjoinder both of parties and of causes of action to join the receiver of the company, who is suing to recover the whole amount of the capital stock, $6,000, and the original plaintiff, Floyd, who is suing to recover only the value of his stock against the defendant Layton.

The defendant company, which has been adjudged a bankrupt, is only a nominal defendant, against whom neither plaintiff asks judgment. In the original action in the complaint filed by Floyd he asked no judgment against the corporation, but merely to have a receiver appointed, which has become unnecessary by reason of the subsequent adjudication in bankruptcy.  The complaint filed by George M. Floyd alleges the embezzlement of all the assets by Layton, the president of the company, and asks judgment against him for the value of his stock, $1,000, which has been made worthless.  The complaint of the trustee in bankruptcy, Grantham, who has been made party plaintiff by leave of the court, makes the same allegation that Layton has embezzled all the funds of the corporation, and asks for a judgment of $6,000 to recover all the capital of the company which has been thus destroyed by Layton.  It is, therefore, the case of an action by one stockholder, which by leave of the court has been broadened into an action by him and all the other stockholders as well (who could have been made additional parties, but who are now represented by the trustee in bankruptcy), for the same pur-

pose, of holding Layton liable for converting to his own use all the assets of the corporation. This was within the discretion of the court, and there was no reason that another summons should be issued, and that two actions should be maintained for the same cause, *i. e.,* the alleged embezzlement of the capital stock by the defendant Layton.

The trustee, under the Bankrupt act, secs. 70 (4) and 70 (6), is charged with the duty of collecting all the assets of the bankrupt, whether due by contract or withheld by the embezzlement thereof by one of its officers or others.

There is no misjoinder of parties. If the corporation was a going concern, it might have brought this action; but, being under the control of the defendant Layton, it would not do so, and was made a nominal party defendant. The plaintiff Grantham having been appointed trustee in bankruptcy, represents the creditors and stockholders, and is therefore a proper party plaintiff to recover wasted assets. It was his duty to bring this action, which is an action of the same nature, and upon the identical allegation of the embezzlement by Layton of all the funds set out in the complaint in the pending action. It was very proper, to avoid multiplicity of actions, that said Grantham, trustee, should be joined in the action already pending. If recovery is had by the trustee, the bankrupt court will by proper decree apportion the net proceeds brought into that court by the trustee as a result of this action to the creditors and stockholders. The original plaintiff could not proceed to recover the assets for his sole benefit after the decree in bankruptcy and the appointment of a trustee therein.

The other stockholders could have been made additional parties plaintiff, and, of course, so could the trustee in bankruptcy, who represents the stockholders as well as creditors. The objection that the judgment in favor of the stockholders against Layton for embezzlement would not be released by a discharge in bankruptcy is not a ground of demurrer for Layton. Indeed, if the trustee recovers such judgment, it is no more released by such discharge than if recovered by the stockholders themselves.

Affirmed.