ERNEST W. MULLER, as a Stockholder of PYROCOLOR CORPORATION, on Behalf of Himself and All Other Stockholders Similarly Situated, etc., and Another, Plaintiffs, v. JOHN P. PERO, JR., and Others, Defendants.

Supreme Court, New York County, November 25, 1929.

*Joseph Sterling,* for the plaintiffs.

*Richard S. Holmes,* for the defendants.

CALLAHAN, J. The present action was originally brought by plaintiff Muller, as a stockholder of the Pyrocolor Corporation, to set aside certain license agreements transferring rights of the corporation under patents held by it and for an accounting. After the action was brought, the corporation named was adjudicated a bankrupt. An order was thereupon entered herein joining the Irving Trust Company as trustee of the said bankrupt as a party plaintiff, and a supplemental complaint was served. The present motion is made to dismiss the original and supplemental complaints as to the said trustee on the ground that they do not state facts sufficient to constitute a cause of action by him against the defendants. The defendants rely on the authority of *Lummis* v. *Crosby* (181 App. Div. 884; affd., 224 N. Y. 611). The latter case was one brought pursuant to the General Corporation Law, wherein the plaintiff proceeded as trustee in bankruptcy of a corporation to avoid a transfer of property as in fraud of creditors. The court there held that the complaint was insufficient, in that it failed to allege that any of the creditors which the trustee represented were such at the time of the diversion of the corporate property. The moving defendants contend that the absence of a similar allegation to that found necessary in the *Lummis* case renders the present complaint defective. An examination of the record on appeal in the *Lummis* case discloses that there were only two stockholders of the bankrupt corporation at the time of the alleged diversion, and the assets alleged to have been diverted were transferred to one stockholder, in return for which the second stockholder received the stock of the first. Both stockholders were parties defendant in the action.

The present action is one of an entirely different nature. It is not brought to enforce the rights of creditors. As was said in *Holmes* v. *Camp* (180 App. Div. 409), the part which a stockholder plays in an action such as this is merely that of an instigator. The cause of action is that of the corporation, and the recovery must run in its favor. Clearly, if the original plaintiff recovered a judgment herein, the benefits would inure to the Pyrocolor Corporation. That corporation now being a bankrupt, its trustee, as its successor in title, would be entitled to administer any sum so recovered, and, therefore, is a proper party plaintiff. The trustee might have been joined as a party defendant necessary to effectuate the equitable judgment sought, although no cause of action was stated against

it. (Civ. Prac. Act, § 193.) It is, therefore, immaterial in the present action whether or not any of the creditors represented by the trustee were such creditors at the time of the alleged diversion of corporate property. The Irving Trust Company was not made a party plaintiff in order to enforce any rights of the creditors it represents to set aside the transfer of assets, but solely as the one entitled to receive the proceeds of any judgment recovered. Such property will be brought to it through the enforcement of the rights of the corporation asserted through a stockholder. (See *Floyd* v. *Layton*, 172 N. C. 64; 89 S. E. 998.)

Even though the creditors represented by the trustee became such subsequent to the diversion, they would be entitled to share in the property acquired through this action. The gist of the present action is the stockholder's right to proceed on behalf of the corporation. If there were no creditors at the time of the diversion of the property, plaintiff Muller would nevertheless have this cause of action. Clearly it has not been destroyed by the bankruptcy. While the trustee may have no right to question the *bona fides* of the transfer of the corporation's property unless it appear that there are present creditors represented by him who had a right to resort to the assets as of the time of diversion, still the corporation and a stockholder may bring the present action; the trustee being properly joined at his request because of his right to the proceeds. The complaint appears sufficient.

Motion denied. Order signed.