416

In re KLEIN'S OUTLET, Inc.

No. 79509.

District Court, S. D. New York.
July 15, 1942.

Irving J. Tell, of New York City, for debtor.

Morris Okoshken, of Jamaica, N. Y., (Arthur Morris, of Jamaica, N. Y., and Abraham Lillienthal, of New York City, of counsel), for Rose Klein.

Benjamin F. Steinberg, of New York City and Louis P. Rosenberg, of Brooklyn, N. Y., for trustee.

BRIGHT, District Judge.·

Rose Klein, the holder of a one-third stock interest in the bankrupt corporation, petitions for a review of the referee's order substituting the trustee in bankruptcy as the sole plaintiff in her place in a derivative stockholders' action brought by her in the New York Supreme Court.

The action mentioned was begun by the petitioner some time before the bankruptcy intervened. The bankrupt corporation, as was required, is a party defendant. An interlocutory judgment has been entered in favor of the petitioner and accounting proceedings have been commenced before the referee appointed therein. The petitioner claims that the order under review is erroneous in that the motion for substitution should properly have been made in the State Court, and that the purpose of the substitution is to enable the defendants in the State Court action to get control and dispose of the same to the detriment of the petitioner.

It is not disputed that in such an action, the recovery is solely for the benefit of the corporation. Planten v. National Nassau Bank, 174 App.Div. 254-259, 160 N.Y.S. 297, affirmed 220 N.Y. 677, 116 N. E. 1070; Earl v. Brewer, 248 App.Div. 314-316, 289 N.Y.S. 150, affirmed 273 N.Y. 669, 8 N.E.2d 339. The wrong sought to be righted in the State Court is a direct injury not only to the stockholders, but also

to the creditors, which can and should be remedied in and through the corporation. Hodge v. Meyer, 2 Cir., 252 F. 479, certiorari denied 248 U.S. 565, 39 S.Ct. 9, 63 L. Ed. 424. A recovery therein would be an asset which would pass to the trustee upon his appointment. Bankruptcy Act, § 70, 11 U.S.C.A. § 110; Bynum v. Scott, D.C., 217 F. 122; Stephan v. Merchants Collateral Corporation, 256 N.Y. 418-421, 176 N.E. 824.

The action brought by the petitioner, however, was necessarily based upon the proposition that the corporation had refused to bring it and the judgment entered therein determines that to be so. She could only be successful if she showed two wrongs—(1) the act whereby the corporation was caused to suffer damage, and (2) its act in refusing to bring suit. Kavanaugh v. Commonwealth Trust Co., 181 N.Y. 121-124, 73 N.E. 562; Druckerman v. Harbord, 174 Misc. 1077, 1078, 22 N.Y.S. 2d 595. The second act mentioned is a liability or obligation incurred, which gives the plaintiff the right to bring and maintain the action. Thorne v. Brand, 277 N.Y. 212-215, 14 N.E.2d 42.

The plaintiff has the right to control such an action, and to compromise or discontinue it at pleasure, and that right continues until some individual with like interest in the cause of action has been admitted as a party. Hirschfeld v. Fitzgerald, 157 N.Y. 166–184, 51 N.E. 997, 46 L.R.A. 839; Grant v. Greene Consolidated Copper Co., 169 App.Div. 206-213, 154 N. Y.S. 596, affirmed 223 N.Y. 655, 119 N.E. 1046; Planten v. National Nassau Bank, supra.

It is obvious that the petitioner has a distinct interest in the action. Johnson v. Ingersoll, 7 Cir., 63 F.2d 86, 87. She has borne the expense and chance of failure and has been successful. She alleges, with some showing of truth, that if the control of litigation passes entirely out of her hands, there will be a disposition of it to her detriment. While, normally, the obligation sued upon in the State Court action is enforceable directly by the corporation or through an action such as has been begun, where bankruptcy intervenes, it is enforceable by the trustee, "For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders". Pepper v. Litton,

308 U.S. 295-307, 60 S.Ct. 238, 245, 84 L. Ed. 281. The trustee may properly be made a party plaintiff. Muller v. Pero, 135 Misc. 424, 237 N.Y.S. 591.

In view of what has been said, I feel that the plaintiff, who has so far been successful in the action, should not be completely ousted. The referee's order, therefore, will be modified so that the trustee may become a party plaintiff with the petitioner, with joint control of the further conduct of the action,

Settle order on notice.