■    IDA MARCO, as Ancillary Administratrix of the Estate of HARRY MARCO, Deceased, on Behalf of Himself and All Other Stockholders in BLUE RIDGE CORPORATION, Similarly Situated, and on Behalf of Said Corporation, Appellant, v. WALTER E. SACHS et al., Respondents; BLUE RIDGE CORPORATION et al., Appellants, et al., Defendants.— In a stockholder's derivative action, the appeals are from portions of an order dated January 4, 1955, which granted in part, and upon certain conditions, the individual appellant's motion to examine a witness in the State of Florida, by open commission, and from an order dated January 27, 1955, which, on reargument, modified the said order dated January 4, 1955, except insofar as reargument was granted. Prior to the argument of the appeals, and on October 27, 1955, this court denied a motion to dismiss or to stay the appeals, with leave to renew on the argument; the motion has been renewed. Renewed motion to dismiss or to stay appeals denied, without costs. The order which stays all proceedings on the part of

the individual appellant and her attorney until after the completion of her examination before trial also denies her cross motion to vacate the notice for that examination. That order, also dated January 27, 1955, was grounded on said appellant's failure to submit to examination. (See *Marco* v. *Sachs, post,* p. 851, decided herewith.) The stay did not of course prohibit an appeal from the order which granted it, and, since the matters determined by that order and the matters determined by the orders presently under review are in large part identical, that is, precedence of examinations and the issues upon which the examinations are to be had, we regard the instant appeals as defensive. Defensive steps taken by a party against whom a stay of all proceedings is operative are not regarded as within the bar of the stay. (See *Thompson* v. *McLaughlin,* 138 App. Div. 711, 714, and *Blair* v. *Blair,* 145 N. Y. S. 397.) While the alleged claims upon which a derivative action by a stockholder is brought belong to the corporation, the plaintiff is permitted to bring the action " notwithstanding his lack of direct interest ", and he is regarded as the " instigator " in the action. (*Holmes* v. *Camp,* 180 App. Div. 409, 412; see, also, *Carruthers* v. *Waite Min. Co.,* 306 N. Y. 136, 140; *Clarke* v. *Greenberg,* 296 N. Y. 146, 149; *Chaplin* v. *Selznick,* 293 N. Y. 529; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7, 15; *Potter* v. *Walker,* 252 App. Div. 244, affd. 276 N. Y. 15, and *Planten* v. *National Nassau Bank,* 174 App. Div. 254, 259, affd. 220 N. Y. 677.) The corporation is an indispensable party (*Carruthers* v. *Waite Min. Co., supra*) and must be made a party (*Planten* v. *National Nassau Bank, supra,* p. 259), although it has been said that the right to control the course of the litigation lies with the plaintiff and such others as may be joined with him in the action (*Clarke* v. *Greenberg, supra,* p. 149; *Planten* v. *National Nassau Bank, supra,* p. 259). In this case, Blue Ridge Corporation was made a party and, after it had assigned the claims and demands prosecuted in this action to Ridge Realization Corporation, the latter was permitted to be joined " as a nominal party defendant ". (*Marco* v. *Sachs,* 201 Misc. 928, 933.) Although, as above stated, control of the course of the conduct of the action lies with plaintiff, we know of no rule of law which would deny to other parties the usual rights of appeal. Order dated January 4, 1955, modified by adding to the second ordering paragraph the text of items 2, 3, 4, 14, 15, 16 and 23 contained in the notice of motion dated November 23, 1954, as items upon which the subject witness is to be examined; and by striking from the sixth ordering paragraph the following: " said items 6, 7, 8, 12 and 13 " and by substituting in lieu thereof " the items set forth in the second ordering paragraph hereof ". Order dated January 27, 1955, modified by striking from the first ordering paragraph " 6, 7 and 8 " and by substituting therefor " 2, 3, 4, 6, 7, 8, 14, 15, 16 and 23 "; and by adding a provision to the effect that the " proviso " contained in the first ordering paragraph thereof which relates to disposition of questions resulting from refusal of the witness to answer questions on the ground of privilege is extended to apply to said item 16. As so modified, orders, insofar as appealed from, affirmed, without costs. Upon a previous appeal, this court ordered that a separate trial be had of the issue of futility of making a demand on the directors to sue on behalf of the corporation (*Marco* v. *Sachs,* 283 App. Div. 1096). If decision on the separate trial fall against the individual appellant there would be no need for trial on the remaining issues. Accordingly, until a trial on the remaining issues is necessary, it does not appear to be material and necessary to conduct any examination before trial as to such remaining issues. We are of opinion that the items granted by the Special Term and the items presently added pertain to the issue of futility of demand on the directors, and that the remaining items upon which examination was sought do not. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.