■ CARIBE MARKETING CORP., Plaintiff, and NORBERTO DE LA ROSA, Doing Business as RICO BEVERAGES, Appellant-Respondent, v GOOD-O BEVERAGES, INC., et al., Respondents, and COCO RICO IMPORT & EXPORT, INC., Respondent-Appellant, et al., Defendant. — Order, Supreme Court, New York County (H. Schwartz, J.), entered January 9, 1981, which granted reargument, but upon reargument adhered to the court's original determination and order of February 28, 1980, which denied plaintiff-appellant-respondent Norberto De La Rosa, doing business as Rico Beverages' (De La Rosa) motion for partial summary judgment as against defendant-respondent Good-O Beverages, Inc. (Good-O) and denied the cross motion of defendant-respondent Coco Rico Import and Export, Inc. (CRIE), unanimously modified, on the law, cross motion granted to the extent of staying the fifth and sixth causes of action pending the determination of the action before the courts of Puerto Rico, and, otherwise, affirmed, without costs. CRIE, a Puerto Rican corporation, entered into an exclusive "Bottler's Franchise Agreement", with De La Rosa, under which De La Rosa was to purchase CRIE's "Coco Rico" soft drink base and bottle and distribute it in an exclusive territory for a term of three years, unless sooner terminated for cause. The agreement provided that the parties

subject themselves to the exclusive jurisdiction of the courts of Puerto Rico. Subsequently, De La Rosa entered into two subfranchise agreements with Good-O, to one of which CRIE was a party, and in which the parties agreed to subject themselves to the exclusive jurisdiction of the courts of New York. This action was brought against Good-O, under the subfranchise agreements, by Caribe[*] (first and third causes of action) and De La Rosa (second and fourth causes of action) for failure to pay royalties and commissions and for depriving plaintiff of commissions by violating a noncompetition clause. The fifth cause of action recited an alleged conspiracy between all of the defendants to defraud plaintiffs of commissions, etc., and the sixth cause of action demanded declaratory relief, *inter alia,* as to whether, as CRIE contends, the rights of De La Rosa derive solely from the bottler's franchise agreement and have expired or whether, as De La Rosa contends, they derive from the subfranchise agreements for as long as they are in effect. Shortly after this action was commenced, a declaratory judgment action was instituted by CRIE against De La Rosa in the Superior Court of Puerto Rico, pursuant to the forum selection clause of the bottler's franchise agreement. De La Rosa moved for partial summary judgment against Good-O. Special Term denied that motion as premature, as plaintiff's rights under the subfranchise agreements were conditioned upon the continuing existence of the franchise agreement, which was being litigated in the action pending in Puerto Rico. De La Rosa then moved for reargument and renewal and CRIE cross-moved for summary judgment, or in the alternative for a stay as to the fifth and sixth causes of action, pending resolution of the action in Puerto Rico. Reargument was granted, but the court adhered to its original decision, and it denied CRIE's cross motion as "[i]ssues of fact exist which require a plenary trial." Special Term was correct in its denial of plaintiff's motion. It should have granted the cross motion to the extent of staying proceedings as to the fifth and sixth causes of action for the same reason, that is, that De La Rosa's rights under the subfranchise agreements with Good-O derive from the continued existence of the underlying bottler's franchise agreement with CRIE. The validity of that agreement (i.e., whether lawfully terminated) must be resolved in Puerto Rico, the parties' chosen forum. Concur — Sandler, J. P., Carro, Silverman, Bloom and Fein, JJ.

---

[*] De La Rosa is now the sole plaintiff. Caribe is not involved in this appeal, having previously settled all of its claims.