## (January 13, 1983)

■ CARIBE MARKETING CORP., Plaintiff, and NORBERTO DE LA ROSA,. Doing Business as RICO BEVERAGES, Respondent, v GOOD-O BEVERAGES, INC., et al., Appellants. — Order of the Supreme Court, New York County (Price, J.), entered February 8, 1982, which, *inter alia,* granted the motion of plaintiff, Norberto De La Rosa, for leave to amend the complaint, unanimously modified, on the law and the facts, to stay all proceedings with respect to the fifth, sixth, and eighth causes of action set forth in the amended complaint, pending the outcome of the proceeding between the parties in the courts of Puerto Rico, except that plaintiff may serve the additional defendants with the supplemental summonses authorized by the order along with the amended complaint and a copy of the order to be entered hereon, and otherwise affirmed, without costs. In January, 1982, this court stayed all further proceedings with respect to the fifth and sixth causes of action stated in the original complaint, pending the

outcome of the litigation between the parties currently before the courts of Puerto Rico, pursuant to a contractual forum selection clause. (*Caribe Marketing Corp. v Good-O Beverages,* 86 AD2d 567.) The order from which this appeal is taken, entered February 8, 1982, allowed Caribe Marketing Corp. to be removed as a party plaintiff, and authorized plaintiff De La Rosa to amend its complaint and serve supplemental summonses on the additional defendants. By order dated June 24, 1982, this court stayed enforcement of the February 8 order, pending the outcome of this appeal. Inasmuch as this court has already stayed the proceedings with respect to the fifth and sixth causes of action in the original complaint, and the eighth cause of action in the amended complaint is merely an expanded request for the declaratory relief sought in the sixth cause of action, all proceedings with respect to the fifth, sixth, and eighth causes of action in the amended complaint are hereby stayed pending final resolution of the litigation pending between the parties in the courts of Puerto Rico. However, plaintiff may serve the supplemental summonses along with the amended complaint and a copy of this order on the additional defendants inasmuch as such service should be deemed "defensive" for purposes of the stay within the meaning of *Marco v Sachs* (1 AD2d 849), so that plaintiff's action against these additional defendants will not be untimely. Concur — Murphy, P. J., Kupferman, Markewich, Bloom and Alexander, JJ.