The chief justice
 

 delivered the opinion of the court.
 

 This was a suit brought by the defendants in error against the plaintiffs, in the circuit court of the district of Columbia sitting in the county of Alexandria, and the declaration contains two counts for goods, wares and merchandizes sold and delivered, and one for money had and received to their use. The cause came on to be tried on the general issue and a verdict was found for the plaintiffs below, on which the court rendered judgment.
 

 At the trial of the cause it appeared that the suit was brought for a quantity of salt sold and delivered by Robert Young and co. to Clark; after which Clark indorsed to Robert Young and co. a promissory note made by Mark Edgar to John Pickersgill and co. which had been indorsed by them to the said Clark, and which was payable 60 days after date.
 

 This note was protested for non-payment; after which a suit was brought thereon by Robert Young and co. in the county court of Fairfax against Clark; and the declaration contained two counts, one on the indorsement, and the other for money had and received to the use of the plaintiffs. In this suit verdict and judgment was given for the defendant Clark, the court of Fairfax being of opinion that a suit could not be maintained against the indorser
 
 *191
 
 of the note, until a judgment had been first obtained against the drawer, and his insolvency made to appear.
 

 After the determination of that action, this suit was instituted on the original contract; and, at the trial, the counsel for the defendant moved the court to instruct the jury, that if from the evidence given in the cause, they should be of opinion that the promissory note aforesaid was indorsed by the defendant to the plaintiffs, in consequence of the goods, wares and merchandizes sold as aforesaid, although the said indorsement was not intended as an absolute payment for the said goods, wares and merchandizes, or received as such by the plaintiffs, but merely as a conditional payment thereof, yet the receipt of the said note under such circumstances, and the institution of the aforesaid suit by the said plaintiffs against the said defendant, on his indorsement aforesaid, made the said note, so far a payment to the said plaintiffs, for the said goods, wares and merchandizes, as to preclude them from sustaining any action against the said defendant for the said goods, wares and merchandizes, until they had taken such measures against the said Mark Edgar, as were required by the laws of Virginia; and that the plaintiffs, having instituted the suit aforesaid upon the said note against the said defendant, and that having been decided against the said plaintiffs, they were barred from sustaining this action against the said defendant.
 

 This instruction the court refused to give, but directed the jury, that if they were of opinion, from the evidence, that the salt was sold and delivered as alleged, and that the promissory note aforesaid was indorsed by the defendant to, the plaintiffs in consequence of the salt sold as aforesaid, although the said indorsement was not intended as an absolute payment for the said salt or received as such by the plaintiffs, but merely as a conditional payment thereof, the same is a discharge to the defendant for the salt sold to him, unless it is proved that due diligence has been used to receive the money due on the note; but that the bringing suit on the said note against Mark Edgar was not essentially necessary to constitute the said diligence; and that the said diligence may be proved by other circumstances, and their omitting to bring the said suit against Edgar may be accounted for by the insolvency of Edgar,
 
 *192
 
 if proved, or any conduct of the defendant which may have prevented the bringing of the said suit.
 

 To this opinion the counsel for the defendant excepted, and then prayed the court to direct the jury that the defendant was entitled to a credit for the amount of the
 
 said
 
 note, unless the plaintiffs could shew that they had instituted a suit thereon against Edgar, or that Edgar had taken the oath of insolvency, or absconded at the time the note became payable, or unless the plaintiffs could shew that they had offered to return and re-assign the said note to the said defendant, previous to the institution of this suit.
 

 This direction the court refused to give, and referred the jury to their opinion already given on the principal points now stated and to which an exception had already been taken. This opinion was also excepted to. A verdict and judgment was then rendered for the plaintiff without giving credit for Edgar’s note, which judgment is now brought into this court by writ of error.
 

 On these exceptions it has been argued that the court; has erred, because,
 

 1st. The conduct of the plaintiffs, Young and co. has disabled them from maintaining this action, and such ought to have been the direction to the jury.
 

 2dly. The verdict and judgment in Fairfax court is a bar to this action.
 

 The conduct of the plaintiffs was entirely before the jury, to be judged of by them from the evidence, excepting only that part of it respecting which the court gave an opinion. We are therefore only to enquire whether the opinion given by the court be erroneous.
 

 It is agreed on both sides that the note in this case was not received, as payment of the debt, and consequently did not extinguish the original contract. It was received as a conditional payment only, and the opinion of the court was, that in such a case the want of due diligence to receive the money due thereon would discharge the defendant. But the court proceeded to state that due
 
 *193
 
 diligence might be proved although no suit was instituted; and that circumstances, such as the known insolvency of Edgar, the drawer of the note, or any conduct of Clark, preventing a suit, would excuse Young and co. for not having instituted one.
 

 This opinion of the court seems perfectly correct. The condition annexed to the receipt of the note can not be presumed to have required that a suit should be brought against a known insolvent, or that it should be brought against the will of the indorser; if he chose to dispense with it, or took means to prevent it, nothing can be more unreasonable than that he should be at liberty to avail himself of a circumstance occasioned by his own conduct.
 

 It is not intended to say that the person receiving such a note is compellable, without special agreement, to sue upon it in any state of things. It is not designed to say that he may not, on its being protested, return it to the indorser, and resort to his original cause of action; it is only designed to say, that under the circumstances of this case, nothing can be more clear than that there was no obligation to sue.
 

 The court gave no opinion that the suit in Fairfax was, or was not, a bar to that brought in the county of Alexandria.
 

 It is however clear that no such bar was created.
 

 To wave the question, whether in such a case as this, with declarations for such distinct causes, a verdict in a prior suit may be given in evidence as a bar to another suit really for the same cause of action: it is perfectly clear that in this case the same question was not tried in both causes.
 

 In Fairfax the point decided was, that the suit against the indorser would not lie 'till a suit had been brought against the drawer; in the suit in Alexandria the point to be decided was whether the plaintiffs had lost their remedy on the original contract, by their conduct respecting the note. These were distinct points, and the merits of
 
 *194
 
 the latter case, were not involved in the decision of the former.
 

 On the second bill of exceptions, the only real new point made, is, whether the action is maintainable unless Robert Young and co. had offered to return and re-assign the note before the institution of the suit.
 

 Unquestionably Clark is entitled to the benefit of the note, but as it was no extinguishment of the original cause of action, there was no absolute necessity to prove an offer of the note before the institution of the suit. Indeed it does not appear, in this bill of exceptions, whether the note was merely a collateral security, or a conditional payment. This is no where stated positively. In the first opinion of the court it is stated hypothetically, and that opinion must be considered on the presumption that such was the fact. But no such presumption is raised respecting the second bill.
 

 Judgment affirmed with costs.