## RUSSELL v. HESTER.

1. The receipt of a note before its maturity, upon which there is a solvent indorser, as collateral security for the payment of a debt, imposes on the creditor the necessity of doing those acts which will preserve the liability of the indorser, and if he fails to do so, and the maker is insolvent, he is responsible for the injury thereby sustained, to the person from whom he received it.

Error to the Circuit Court of Tuscaloosa.

ASSUMPSIT by the plaintiff, against the defendant in error. The declaration alledges, that the plaintiff transferred a promissory note to the defendant, executed by one Donoho to A. Battle, and indorsed by Battle to the plaintiff. That the note was transferred by indorsement by Battle to the plaintiff, and by him was transferred before its maturity to the defendant, as collateral security for the payment of a debt which he owed him. That defendant retained possession of the note, and neglected to sue the maker of the note, to the first court of the county in which he resided after the maturity of the note, whereby the indorser, who was then, and is now solvent, was discharged from liability, and that the maker of the note is insolvent, and unable to pay, &c.

To this declaration the defendant demurred, and the count was sustained by the court, which is now assigned as error.

W. COCHRAN, for plaintiff in error.

The question presented in this case is, whether a party who has taken paper as *collateral*, is bound to sue the same to the first court after it falls due—without instructions from the transferror. [Trotter v. Crockett, 2 Porter, 401; Rives & Mather v. McCloskey *&* Hagan, 5 Stew. *&* P. 330; Clark v. Young & Co. 1 Cranch, 181; Chitty on Bills, 203, note 1; Abercrombie v. Mosely, 9 Porter, 145.

The demurrer to the declaration was properly sustained, as there is no averment in the declaration, that the maker of the note was within the jurisdiction, so that suit might be brought to the first court.

MOORE, contra.

ORMOND, J.—The allegations of the declaration are, that the note of one Donoho, indorsed by Battle, was transferred by the plaintiff to the defendant, before its maturity, as collateral security, and that by the *laches* of the defendant, in not suing the maker, to the first court after the note fell due, a solvent party on the note, the indorser, has been discharged from liability; and the maker being insolvent, the note has become of no value to the plaintiff.

As it is not alledged that there was any special contract in this case, by which the creditor bound himself to preserve the liabilities of the parties to the note, which he had received as collateral security for his debt, the only question is, what are the rights and duties which arise by operation of law, when a collateral security of this kind is received by a creditor.

In the cases to which we have been referred upon the brief, and in others which we have examined, the question has arisen, in a suit upon the original debt, where the debtor has sought to prevent a recovery, by showing a loss occasioned from the laches of the creditor, in respect to the collateral security, or note conditionally paid. Such were the cases of Clark v. Young, 1 Cranch, 181; Harris v. Johnson, 3 Id. 311; and in this court, the cases of Rives *&* Mather v. McCloskey *&* Hogan, 5 S. & P. 330, and Trotter v. Crockett, 2 Porter,

401.] In these cases, it is distinctly or impliedly held, that if, from the negligence of the creditor, the debt received as conditional payment, or as collateral security, is lost, there can be no recovery of the original debt. In the last case cited, the law is thus explicitly stated : " If the transfer were intended as a conditional payment, or as a collateral security, then the pursuit of the debtor, on the original consideration, which in such case, is the only subsisting ground of action, will depend on the fact, whether or not any laches has been committed with regard to the transferred security, whereby any party whose liability could have been retained, or secured, to the party transferring the note, or bill, is lost. If such laches has occurred, it will operate to that extent an absolute payment.

The consequences here stated, as resulting from the laches of the creditor, necessarily suppose an implied contract to do the act, the omission to do which has caused the loss; and as this contract is implied, from the mere receipt of the paper as a conditional payment, or as collateral security, it can make no difference whether it is invoked in defence of an action brought by the creditor, to recover the original debt, or is relied on as a ground of suit against him.

Here it appears, a promissory note not due, with a solvent indorser, was received by the creditor, as collateral security, for the payment of a debt. This devolved on him the necessity of preserving the liability of the indorser, and the breach of this contract exposes him to an action for the damages resulting therefrom ; which, as the maker is insolvent, and the indorser able to pay, is the entire amount secured by the note.

The liability of the indorser of such paper, could only, in this State, be preserved by an action on the note, against the maker, to the first court of the county of his residence, after the maturity of the note. The allegations of the declaration are quite sufficient to show, that Donoho, the maker of the note, resided in the county of Tuscaloosa, where the contract was made, and that suit was not brought to the first court after the maturity of the note.

As the declaration shows a good cause of action, the court

erred in sustaining the demurrer to it, and its judgment must be reversed and the cause remanded.

COLLIER, C. J., not sitting.