# Alabama Terminal & Improvement Co. *v.* Knox.

### *Action upon a Note.*

1. *Action on a note; by whom suit maintained; who is party beneficially interested.*—Where a note is indorsed in blank and delivered by the payee to a trust company, as trustee, to be held as collateral to secure the payment of interest for a certain number of years, which interest has been guaranteed by the payee of the note, the payee can not, before the trust is terminated or the note is released therefrom, and without the consent of the trustee, maintain an action on the note in his own name ; he not being the party really interested within the meaning of the statute, (Code of 1886, § 2594.)

2. *Same ; same.*—In an action brought by the payee of such a note, the fact that during the pendency of the suit the trustee entered into an agreement and delivered the note to be used as evidence in the suit, and that it was stipulated between the trustee and the plaintiff that the action had been instituted for the use and benefit of the trust company, and that the sum recovered should be paid to it, does not invest the plaintiff in such suit with the right to maintain the action ; since a plaintiff can not maintain an action which he had no right to institute, by afterwards acquiring the right to sue upon the demand.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This was an action brought by the Alabama Terminal & Improvement Company against the appellee, C. J. Knox ; and counted upon a promissory note, which had

been executed by the defendant to the plaintiff. The facts of the case pertaining to the only questions reviewed on the present appeal, are sufficiently stated in the opinion.

The court gave among other charges asked by the defendant, the general affirmative charge in his behalf, and to the giving of this charge the plaintiff separately excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

A. A. WILEY and TOMPKINS & TROY, for appellant.

W. S. THORINGTON and JOHN GAMBLE, *contra*.

HEAD, J.—The question upon which this case turns is, whether the appellant (plaintiff below) was the party really interested in the note sued on, within the meaning of the statute (Code of 1886, § 2594), at the time the action was commenced. There was a general plea, sworn to, that "The plaintiff was not the party really interested in the contract sued on at the time this suit was begun," upon which issue was joined. This plea let in full proof of the beneficial ownership of the demand. There was no material conflict in the evidence upon this issue. It showed that before suit, the plaintiff, who was the payee, indorsed the note in blank and delivered it, with many others, to the Metropolitan Trust Company of New York, as trustee, as collateral, to secure the payment of the interest, for four years, on certain bonds of The Alabama Midland Railway Company, which were subscribed for and held by the Plant Investment Company, the payment of which interest the plaintiff, by contract with the Plant Company, guaranteed. It is not disputed, but affirmatively shown by testimony, that the Trust Company was authorized and empowered, and it was its duty, to collect the securities so delivered to it, as they matured, for the purposes of the trust. The trust had not terminated, nor in any wise been released, at the time this suit was instituted; the four years period for the accrual of the secured interest not having expired—and this note was then in

the hands of the agent of the Trust Company for collection, who was endeavoring to collect the same. Neither the consent of the Trust Company nor the Plant Company to the institution of the suit by plaintiff was obtained.

Upon these facts, it seems hardly debatable that the plaintiff had no right to maintain the action. It was neither the legal nor beneficial owner of the note, entitled to receive payment thereof at the time this suit was instituted. The plea above set out was established, for, beyond all doubt, either the Trust Company or the Plant Company was the beneficial owner entitled to receive payment of the note. If the defendant, with knowledge of the transfer, had, at that time, paid the demand to the plaintiff, no acquittance the latter might have given would have protected him against the rights of the transferee. The note was then outstanding, in the hands of the transferee, who held it for the still undischarged purpose for which it was transferred, and who had waived or impaired its right to the security in no manner whatever, and had given the plaintiff no manner of authority to sue upon it.

After the suit had been pending for some time, the Trust Company entered into an agreement with the plaintiff to deliver the note to the attorneys of the latter to be used in evidence in the suit, with a stipulation from them to return it to the Trust Company after it had been used in evidence ; and with the further stipulation that the action had been instituted for the use and benefit of the Trust Company and that the sum recovered should be paid to it. Under this agreement, the note was sent to the attorneys aforesaid. In view of the well known rule that a plaintiff cannot maintain an action which he had no legal right to institute, by afterwards acquiring a right to sue upon the demand, this transaction can exert no influence upon the case ; and, moreover, if, by the legal fiction of relation, the subsequent agreement could be said to have taken effect as of the time of suit brought, that agreement itself unequivocally established that the Trust Company was the real, beneficial owner of the demand, entitled to receive and should receive the money recovered.

The case of *Berney v. Steiner*, 108 Ala. 111, to which we have been referred, is not in point. The suit was

[Southern Granite Co. v. Wadsworth.]

upon a commercial note, and the question was whether plaintiffs had shown a legal title. The plaintiffs, holding the note upon indorsement in blank of the payee, had themselves indorsed it in blank and delivered it to others. These holders afterwards returned the note to plaintiffs indorsed not otherwise than when they received it, for the purpose of suit. Plaintiffs had the note when they commenced suit. We held they showed a legal title.

We are unable to perceive any principle upon which error can be imputed to the giving of the general charge for the defendant, and the judgment must be affirmed.

It is unnecessary to consider the other questions raised by the record.

Affirmed.