[Tillis, et al. v. Brown, et al.]

# Tillis, *et al. v.* Brown, *et al.*

*Bill by Minority Stockholder to Annul Deed Executed by Corporation and to Have the Property Restored to it.*

(Decided Jan. 22, 1908.   45 South. 589.)

1. *Corporations; Corporate Powers and Liabilities; Property and Conveyance; Power of Corporations to Convey in General.*—Against the objection of a single stockholder a solvent, going corporation cannot sell its entire property, and thus denude itself of the means and power of carrying out the purposes for which it was organized; much less may it may not make a donation of its property.

2. *Same: Stockholders; Rights; Refusal of Officers to Act.*—It is not requisite that, before bringing suit to annul the deed and to have the property restored to the corporation, a minority stockholder should request the directors to institute such a suit, where it appears that the directors, with a majority of the stockholders, voted that the deed be made and the directors afterwards passed a resolution that such a deed should be executed and which was so executed, as it could not be expected that the directors, under the circumstances, would sue to undo the wrong to the corporation.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by J. M. Brown and others against Richard Tillis and others.   From a decree overruling a demurrer to the bill and the motion to dismiss it for want of equity, defendants appeal.   Affirmed.

STEINER, CRUM & WEIL, and ESPY & FARMER, for appellant.   Before the stockholder can bring a bill in his own name he must have done everything in his power to obtain a redress of the wrongs complained of by application to the board of directors, and failing in this, he must apply to the stockholders.—*R. R. Co. v. Neal,* 128 Ala. 149; *Johnson v. B. & L. Asso.,* 125 Ala. 467.   The last case cited is conclusive of the case at bar and on the

authority of that case this bill should have been dismissed.

W. W. PEARSON, and R. H. ARRINGTON, for appellee. No brief came to the Reporter.

DENSON, J.—This bill is filed by J. M. Brown, a minority stockholder in the Coffee Cotton Mills Company, a corporation, in behalf of himself and others similarly situated, against the corporation and W. C. O'Neal and R. Tillis. The purpose of the bill is to annul a deed executed by the corporation to W. C. O'Neal and R. Tillis, and to have the property conveyed by it restored to the corporation. The complainant voluntarily amended his bill, and to it, as amended, the court sustained a demurrer. It was again amended, and as last amended several stockholders are joined as complainants. The court overruled a demurrer to the bill as last amended, and also a motion to dismiss it for the want of equity. It is from that decree this appeal is taken.

The bill shows that at a meeting of the stockholders of the corporation, in which a large majority of the stock was represented, the stockholders formally accepted a proposition made by W. C. O'Neal and R. Tillis to take over all the property of the corporation in their own names. A resolution was adopted by the stockholders, instructing the board of directors of the corporation to execute a deed conveying to W. C. O'Neal and R. Tillis title to all its property. The board of directors met immediately upon the adjournment of the stockholders' meeting and carried into effect the action taken by the stockholders by executing the deed. It is shown by the allegations of the bill that the property of the corporation was of the value of $50,000, exclusive of unpaid subscriptions, and that the consideration moving to the cor-

poration in the proposition of O'Neal and Tillis, and upon which the deed is founded, is nominal in comparison with the value of the property conveyed. It is further shown that the corporation is solvent and a "going concern." It is admitted law that a solvent, "going" corporation cannot, against the objection of even a single stockholder, sell its entire property, and thereby denude itself of the means and power of carrying out the purposes for which it was organized; a fortiori, that it may not make a donation of its property.—*Elyton Land Co. v. Dowdell*, 113 Ala. 177, 20 South. 981, 59 Am. St. Rep. 105; *Morris v. Elyton Land Co.*, 125 Ala. 263, 28 South. 513.

This is conceded; but the equity of the bill is assailed on the ground that the complainants do not bring themselves within the exception or category in which a stockholder can bring suit in respect to the acts of the directors and stockholders, whether intra or ultra vires. "As a general rule, courts of equity will not interfere with the internal management of corporations by means of suits brought by stockholders against directors, officers, or other stockholders."—3 Pom. Eq. Jur. (3d Ed.) § 1094. For, whatever be the nature of the particular wrong, and whatever be the indirect loss occasioned to individual stockholders, no equitable suit for relief, against the wrongdoers, can be maintained by a stockholder, unless the corporation either actually or virtually refuses to prosecute.—3 Pom. Eq. Jur. § 1094, p. 2120. The reason for this doctrine, says Mr. Pomeroy, is that "the stockholder, having no estate, legal or equitable, in the corporate property, has no locus standi in the courts while the corporation, in which alone are invested the corporate property and franchises, is able and willing to sue for their protection."—3 Pom. Eq. Jur. (3d Ed.) p. 2121, § 1094. Nevertheless, "if in any such case the

corporation should refuse to bring a suit, the courts have seen that the stockholders would be without any immediate and certain remedy, unless a modification of the general rule were admitted. To that end the following modification of the general rule stated  *  *  * has been established as firmly and surely as the rule itself. Whenever a cause of action exists primarily in behalf of the corporation against directors, officers, and others for wrongful dealing with corporate property or wrongful exercise of corporate franchises, so that the remedy should regularly be obtained through a suit by and in the name of the corporation, and the corporation either actually or virtually refuses to institute or prosecute such a suit, then, in order to prevent a failure of justice, an action may be brought and maintained by a stockholder or stockholders, either individually or suing on behalf of themselves and all others similarly situated, against the wrongdoig officers, directors, and other persons; but it is indispensable that the corporation itself should be joined as a party, usually as a codefendant."— 3 Pom. Eq. Jur. (3d Ed.) § 1095.

We have seen that "the action may be maintainable without showing any notice, request, or demand to the managing body, or any actual refusal by them to prosecute; in other words, the refusal may be virtual. If the facts as alleged show that the officers charged with the wrongdoing, or some of them, constitute a majority of the directors or managing body at the time of the suit,  *  *  * so that a refusal of the managing body, if requested to bring a suit in the name of the corporation, may be inferred with reasonable certainty, then an action by a stockholder may be maintained without alleging or proving any notice, request, demand, or express refusal. In like manner, if the plaintiff's pleading discloses any other condition of fact which renders it rea-

sonably certain that a suit by the corporation would be impossible, and that a demand therefor would be nugatory, the action may be maintained, without averring a demand or any other similar proceeding on the part of the stockholder plaintiff."—3 Pom. Eq. Jur. (3d Ed.) § 1095; *Eschweiler v. Stowell*, 78 Wis. 316, 47 N. W. 361, 23 Am. St. Rep. 411; *Nathan v. Tompkins*, 82 Ala. 437, 444, 2 South. 747; *Montgomery Traction Co. v. Harmon*, 140 Ala. 505, 515, 37 South. 371. In this connection we transcribe a part of the opinion in the case last cited, as being in point in the case at bar: "It is well settled that a stockholder may bring suit in equity in his own name and enforce the rights of the corporation, without first requesting the directors to sue, when it is made to appear that, if such request had been made, it would have been refused, or if granted, that the litigation following would necessarily be subject to the control of the parties opposed to its success, and that, where the directors themselves are the wrongdoers or the partisans of the wrongdoer, they are incapacitated from acting as the members of the corporation in any litigation which may be instituted for the correction of the wrong which it is alleged they have committed and approved." We have but to apply the foregoing principles to the facts alleged in respect to exempting the complainant from applying to the officers of the corporation to bring the suit to demonstrate the correctness of the chancellor's decree appealed from.

The original bill was filed March 2, 1902. On March 30, 1901, the stockholders' meeting was held at which a large majority of the stockholders voted to accept the proposition of O'Neal and Tillis to take over the property, and by which the board of directors was elected and instructed to carry out the intent and purpose of the proposition by executing a deed to O'Neal and Tillis.

That board of directors passed a resolution to the effect that the deed should be executed, and it was executed. By that deed, the bill shows, the corporation was literally stripped of every vestige of property. Nothing remained to the corporation but its name. The stockholders remained the same, and the same persons who composed the board of directors at the time the deed was executed were the directors at the time the bill was filed; and these, therefore, were the persons who perpetrated th wrong against the corporation. It could scarcely be expected that the directors, who had solemnly entered into the proceedings and contract (ultra vires though they were), would, on request of a minority stockholder or stockholders, enter a suit to undo the proceedings and annul the contract. We are of the opinion that there are facts sufficient, and averred with sufficient certainty, to show that an appeal to the directory would have been fruitless.—*Nathan v. Tompkins,* 82 Ala. 437, 2 South. 747; *Montgomery Traction Company v. Harmon,* 140 Ala. 505, 37 South. 371; *Crow v. Florence Ice Co.,* 143 Ala. 541, 39 South. 401; *Young v. Drake,* 8 Hun (N. Y.) 61; *Heath v. Erie Railway,* 8 Blatchf. (U. S.) 347, Fed Cas. No. 6,306.

The decree of the chancellor, overruling the demurrer and the motion to dismiss for want of equity, is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.