(79 South. 51)

BUCK et al. v. GIMON. (1 Div. 986.)

(Supreme Court of Alabama. May 16, 1918.)

1. BANKS AND BANKING ☞262 —. ASSIGNMENT OF ASSETS—RATIFICATION.

Where the Comptroller of Currency declined to permit a national bank in embarrassed condition to continue business unless it made some satisfactory arrangement, and under the stress of such circumstances its directors, pursuant to agreement, assigned all its assets to another national bank which assumed all its indebtedness and agreed to wind up its affairs, and stockholders of the assigning bank later ratified the agreement, the ratification related back, except as to intervening rights, to the date of the directors' agreement of sale and conveyance pursuant thereto.

2. BANKS AND BANKING ☞254 — SUIT AGAINST DIRECTORS—PARTIES.

For loss sustained by a national bank through the negligent conduct of its business, the right of action against the directors would be in the bank, and it through its directors and stockholders could convey such right, together with its other assets, to another national bank which had agreed to wind up its affairs.

3. BANKS AND BANKING ☞254 — ASSIGNMENT OF ASSETS—RIGHTS OF ASSIGNEE.

Where, under authority of the Comptroller of the Currency, the directors and stockholders of a national bank assigned all property, assets, and effects of every kind to another national bank which was to wind up its affairs, any cause of action by the bank first mentioned against its directors for misconduct of its business was vested in the assignee.

4. BANKS AND BANKING ☞254—STOCKHOLDERS' BILL—OTHER ADEQUATE REMEDY.

A stockholders' bill against directors of a national bank for negligence in the conduct of its business cannot be maintained if there be other adequate remedy.

5. BANKS AND BANKING ☞254—NEGLIGENCE OF DIRECTORS—ACTION—PARTIES.

Where a national bank made a lawful assignment to another national bank which was to wind up its affairs, any right of action of the assigning bank or it stockholders against its directors for negligence became vested in the assignee, and the violation of the assignee bank's obligation to enforce such claim would not reinvest in the assigning bank or its stockholders the right of action against such directors, but would give a right of action against the assignee bank.

**6. BANKS AND BANKING ⊙=254—ESTOPPEL—
PRIOR ACTION PENDING.**

Where a stockholder of a national bank, after its assets were assigned by it to another national bank, brought a bill against its directors for negligence in conduct of the bank's business, the stockholder, if not ready and willing to dismiss his own suit, would be estopped to demand that assignee sue the directors.

Appeal from Circuit Court, Mobile County; Thomas H. Smith, Judge.

Bill by Dominique T. Gimon against Edward J. Buck and others. From a decree overruling demurrer to bill, the defendants appeal. Reversed and remanded.

Gregory L. & H. H. Smith, Stevens, McCorvey & McLeod, Armbrecht, McMillan & Caffey, and Rich & Hamilton, all of Mobile, for appellants.

THOMAS, J. The appeal is prosecuted by the National City Bank and others from a decree of the circuit court in equity, overruling demurrers to a bill filed by Dominique T. Gimon, as holder of stock in said bank, against appellants, as directors, to recover losses sustained through the negligent conduct of the business of that institution.

It is averred in the bill that on account of the embarrassed condition of the bank the Comptroller of the Currency declined to permit it to continue to do business as a national bank, announcing that he would put its affairs in the hands of a receiver unless that corporation should take some action satisfactory to the Comptroller of the Currency or his department by which its depositors could be fully protected; that under the stress of this necessity the board of directors of the National City Bank entered into a contract with the First National Bank of Mobile, Ala., by which they undertook, in the name of the National City Bank, to sell, convey, and deliver to the First National Bank of Mobile all of the property, assets, and effects of every kind and description, no matter where situated, belonging to the said National City Bank or in which it had any interest, including its banking and trust company business and the good will thereof, for and in consideration of the First National Bank's assumption of the indebtedness of the National City Bank and the agreement on the part of the First National Bank to wind up the affairs of the National City Bank, to collect its assets and to distribute them, first, by reimbursing itself in an amount equal to the debts so assumed by it, and then to distribute the balance between the stockholders of the National City Bank after deducting therefrom certain large commissions which the National City Bank thereby undertook to pay to the First National Bank for said service. A copy of this agreement was made a part of the bill of complaint. In this agreement it was stipulated that, as compensation for liquidating the affairs of the National City Bank, the First National Bank was to receive a part of the proceeds of the assets of the embarrassed bank, in proportion to the amount collected upon such assets as specifically set out in the agreement.

After the agreement was duly entered into by said board of directors and the First National Bank, the original bill in this cause was filed. Subsequent thereto, the stockholders of the National City Bank ratified the action of the board of directors in making such contract with and conveyance to the First National Bank. The amended bill failed to show when the stockholders' meeting was held, at which the ratification took place, yet it alleged that:

"Any demand that your orator could have made upon the stockholders of the National City Bank for the enforcement of the rights which are herein asserted would have been likewise unavailing, for the reason that at the first meeting of the stockholders of the National City Bank, which took place after the execution of said agreement to the First National Bank, which was held before complainant could have obtained any other meeting of said stockholders, the said stockholders ratified and confirmed the action of said directors in executing said assignment to the First National Bank while the said defendants, other than Albert P. Bush, William F. Owen, and Paul Danner, still constituted a majority of the board of directors of said bank, so that the cause of action which had theretofore rested in the National City Bank to recover the damages which are sought to be recovered in this bill of complaint vested in the First National Bank before the said stockholders could have proceeded with the enforcement of said rights through any person other than the defendants herein."

[1] When the stockholders of the National City Bank ratified this conveyance of the bank's assets to the First National Bank, such ratification related back (except as to intervening rights) to the date of the directors' agreement of sale and the conveyance pursuant thereto; it was the same as if the conveyance had been originally authorized by the stockholders. Everett v. United States, 6 Port. 166, 30 Am. Dec. 584; Holloway v. Harper, 108 Ala. 647, 18 South. 663; Bibb v. Hall, 101 Ala. 79, 14 South. 98; Alabama Nat. Bank v. O'Neil, 128 Ala. 192, 29 South. 688; 1 Elliott on Contracts, §§ 277, 333, 455. It is not insisted by the amended bill that complainant acquired any new right intervening the time of the making of the contract and conveyance by the directors to the First National Bank and the date of the ratification by the stockholders. The conveyance by the board of directors was on November 9, 1915, and ratification was had thereof by the stockholders, and thereafter the amended bill in this cause was filed.

For the purpose of the bill as amended, according to its averments, the conveyance to the First National Bank must be treated as valid and binding (on the authority of its ratification by the meeting of the stockholders) from November 9, 1915, the date of the

---

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

initial transfer by authority of the board of directors. The legal effect of this conveyance is alleged to be:

"The cause of action which had heretofore vested in the National City Bank to recover the damages which are sought to be recovered in this bill of complaint vested in the First National Bank before the said stockholders could have proceeded with the enforcement of said rights through any person other than the defendant herein."

[2] In effect, the cause of action sought to be enforced by the bill as originally filed was in the corporation—the National City Bank—and that bank had the right to convey it to the First National Bank as a part of and with its other assets, conveyed by its constituted authorities—its directors and stockholders. Tillis v. Brown, 154 Ala. 403, 406, 45 South. 589; Harton v. Johnston, 166 Ala. 317, 322, 51 South. 992; Cook on Stockholders, § 645. The legal effect of this conveyance upon the right of action would not be different had the assets been conveyed as a pledge or as something in the nature of a pledge; the right of action would be in the First National Bank. Alabama Terminal & Improvement Co. v. Knox, 115 Ala. 567, 568, 21 South. 495; May v. Sharp, 49 Ala. 140; Powell's Adm'r v. Henry, 27 Ala. 612; Russell v. Hester, 10 Ala. 535.

The averments of the bill as to complainant's demand on the First National Bank, that it proceed to enforce complainant's right theretofore insisted on and sought to be asserted by the filing of the original bill, are that the demand was not made until after the ratification by the stockholders of the National City Bank of the conveyance to the First National Bank; that:

"Your orator further shows unto your honor that promptly after the said assignment of the said cause of action to the First National Bank, which had been executed by the directors of the National City Bank without authority, had been ratified by the stockholders of the National City Bank, so as to become valid and operative, your orator made a demand upon the said First National Bank to enforce the rights which are asserted in this bill of complaint, but the First National Bank declined to do so."

The reasonable implication of this latter averment is that the right of action sought to be enforced by the amended bill was vested by the lawful action of the stockholders in the First National Bank and could not be enforced by the complainant without a demand and refusal by the First National Bank. Appellants' counsel well states the case made by this amendment filed after the cause of action had vested in the First National Bank, as follows:

"The right to have an accounting by the defendants was vested in the National City Bank down to November 9th, and subsequent to that it was vested in the First National Bank of Mobile. After it had been vested in the First National Bank of Mobile, the complainant filed this bill in his own name and on behalf of all the stockholders of the National City Bank who might appear and join therein, without having made any demand upon, and without any refusal by the First National Bank to enforce the rights he asserts in the bill of complaint."

[3] This stockholder seeks to enforce the rights of a corporation after such corporation has conveyed the rights so sought to be enforced to another corporation. If the National City Bank had filed the bill in the instant case, and had succeeded in recovering from any of the directors the amount sought or any portion thereof, the proceeds of such recovery would have to be applied primarily to the necessary and reasonable expenses of liquidating the affairs of the National City Bank, and to the payment of its debts, and secondarily, by distribution, to the stockholders of the National City Bank, of whom complainant was one. By or under the authority of the national government, expressed through the Comptroller of the Currency, or through the department of his office having charge of the conduct of the affairs of national banks, the conveyance in question was made by the directorate and stockholders of the National City Bank to the First National Bank, and the conveyance embraced, as an asset, the right of recovery sought to be enforced by complainant in his amended bill.

[4] A stockholder cannot maintain a bill such as that filed by complainant in this case, if there be other adequate remedy. Tillis v. Brown, 154 Ala. 403, 406, 45 South. 589; Cook on Stockholders, § 645.

[5] We are constrained to the view expressed by appellants' counsel that, if the conveyance to the First National Bank of the funds of the National City Bank was lawful, there was no want of an adequate remedy. The First National Bank was not represented by the directors and officers of the National City Bank, and the fact that those officers and directors were parties to the suit did not in any manner disable the First National Bank to bring the action. By the contract, the First National Bank was obliged to collect all the assets, including those represented by the liabilities of the directors and officers of the National City Bank; failing therein, the former became liable to the latter for the breach of such contractual obligation. That is to say, by this contract the National City Bank parted with its right of action against its officers and directors, and substituted therefor the obligation of the First National Bank to enforce such liability, and to account to the National City Bank therefor, to pay the reasonable and necessary expense of liquidations and its debts, and distribute to the stockholders any balance remaining. The violation of this contract obligation by the First National Bank's failure to enforce any just and legal claim against the former directors of the National City Bank would not reinvest in the National City Bank the right of action against such directors, but would give a right of action against the First National Bank. If, then, the National City Bank could not or would not enforce this

right against the First National Bank for the violation of a contractual obligation, then the complainant or any other stockholder could do so, though he could not recover against the former directors and officers of the former corporation. It results that no demand which the complainant could have made upon the First National Bank, though met by a positive refusal to enforce its claims against the directors and officers of the National City Bank, would authorize complainant to now recover.

[6] If it be said that the right of action was vested in the First National Bank and could be enforced by complainant on proper demand upon and refusal by that bank, and that the stockholders of the National City Bank could prosecute this suit after a demand upon and refusal by the First National Bank, the question would still remain whether the demand made subsequent to the filing of the bill would support the cause of action by complainant. The bill is silent as to the terms of the demand and as to the form of its refusal. It may be that the demand was an improper one. "It may have been a demand that the First National Bank proceed to enforce these rights under the bill already filed by complainant, or through solicitors named by complainant, or in some particular manner designated by it, and it may be that the refusal was based upon the improper conditions with which the demand was coupled." It is at least certain that the form of neither the demand nor the refusal is alleged. If complainant demanded that the First National Bank of Mobile should bring a suit to recover that which complainant sought to recover in the original bill filed in the instant suit, in the absence of a dismissal of the bill brought prior to the demand, through complainant's counsel, or failed to aver his readiness and willingness to dismiss, thus conceding the First National Bank full power to proceed in its own way by counsel of its own selection, the complainant was estopped from demanding that the First National Bank prosecute such suit, or complainant's suit. In his own name he was then insisting that the right of action in question was vested in him, and for which he was seeking to proceed. It may be that such were the controlling reasons on which was rested the refusal of the First National Bank to proceed in that behalf. Moreover, the First National Bank was justified in the refusal to bring the action sought by the complainant, until it was first determined whether complainant had the legal right to maintain his action in his own name in manner and form, pending at and before the time of the demand on said bank.

However this may be, the right of action having been conveyed to the First National Bank, complainant could not maintain his bill as we have above indicated; for that at the time the bill was filed the directors of the National City Bank had vested in the First National Bank of Mobile the right of action sought to be enforced by complainant, and that this action of the directors was thereafter ratified by the stockholders of said National City Bank. It results that the court erred in overruling appellants' demurrer numbered 2 to the whole bill of complaint.

The decree of the circuit court in equity is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.